UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DOLOMITE PRODUCTS COMPANY, INC.,

                      Plaintiff,

              -against-

TOWN OF BALLSTON, NEW YORK; TOWN
BOARD OF THE TOWN OF BALLSTON, NEW
YORK; and WILLIAM GOSLIN, individually, and in
his capacity as Town of Ballston Board Member,

                      Defendants.

**Civil Case No. 15-CV-917 GLS/CFH**

---

## MEMORANDUM OF LAW

---

        CARTER, CONBOY, CASE, BLACKMORE,
           MALONEY & LAIRD, P.C.
        Attorneys for Defendants, Town of Ballston,
        New York, Town Board of the Town of
        Ballston, New York, and William Goslin
        20 Corporate Woods Boulevard
        Albany, NY 12211-2362
        E-Mail: mmurphy@carterconboy.com

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................................... 1

STATEMENT OF FACTS ................................................................................................ 1

ARGUMENT
   POINT I
      BASED ON THE COLORADO RIVER ABSTENTION DOCTRINE, THIS
      COURT SHOULD DECLINE TO EXERCISE JURISDICTION OVER
      THIS MATTER, AS A PARALLEL ARTICLE 78 AND DECLARATORY
      JUDGMENT ACTION IS PRESENTLY PENDING BEFORE A STATE
      COURT ............................................................................................................... 2

   POINT II
      THIS COURT LACKS SUBJECT MATTER JURISDICTION BECAUSE
      THE ROOKER-FELDMAN DOCTRINE BARS PLAINTIFF'S FIFTH
      CAUSE OF ACTION FOR DECLARATORY JUDGMENT .......................... 5

   POINT III
      THIS COURT LACKS SUBJECT MATTER JURISDICTION AS
      PLAINTIFF'S CLAIMS ARE NOT RIPE FOR JUDICIAL REVIEW ............. 7

   POINT IV
      DEFENDANT GOSLIN IS ENTITLED TO LEGISLATIVE IMMUNITY
      FOR ACTS PERFORMED IN HIS OFFICIAL CAPACITY AS A
      COUNCILMAN FOR THE TOWN OF BALLSTON ................................... 10

   POINT V
      PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER THE
      SUBSTANTIVE DUE PROCESS CLAUSE AND EQUAL PROTECTION
      CLAUSE OF THE FOURTEENTH AMENDMENT ................................... 13

      1.   PLAINTIFF'S SUBSTANTIVE DUE PROCESS CLAIM ..................... 13

            A.   Plaintiff Does Not Have a Property Interest in Obtaining a
                 Site Plan Approval ............................................................... 15
            B.   The Acts of Defendants Town of Ballston, Town Board, and
                 Goslin were not arbitrary and capricious............................. 17

      2.   PLAINTIFF'S EQUAL PROTECTION CLAIM................................. 17

CONCLUSION............................................................................................................. 20

## TABLE OF AUTHORITIES

Ashcroft v. Iqbal, 556 U.S. 662 (2009) .......................................................................... 13

Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) ..................................................... 13

Bernard v. County of Suffolk, 356 F.3d 495, 505 (2d Cir. N.Y. 2004) ........................... 11

Bikur Cholim, Inc. v. Village of Suffern, 664 F. Supp. 2d 267, 275 (S.D.N.Y. 2009)........ 8

Bisbee v. McCarty, 3 Fed. Appx. 819, 824 (10th Cir. 2002)............................................. 6

Bogan v. Scott-Harris, 523 U.S. 44, 54 (1998) ............................................................. 10

Bower Assoc. v. Town of Pleasant Valley, 2 N.Y.3d 617, 626 (2004) ..................... 15, 18

Chappell v. Robbins, 73 F.3d 918, 921 (9th Cir. 1996).................................................. 12

Collins v. Nuzzo, 244 F.3d 246, 251 (1st Cir. 2001) ...................................................... 14

Colorado River Water Conservation Dist. v. United States, 424 U.S.
800, 817 (1976) ............................................................................................................... 2

Congregation Rabbinical Coll. Of Tartikov, Inc. v. Vill. Of Pomona, 915 F.
Supp. 2d 574, 599 (S.D.N.Y. 2013) ............................................................................. 8, 9

County of Sacramento v. Lewis, 523 U.S. 833, 848 (1998)........................................... 13

Creative Environments, Inc. v. Estabrook, 680 F.2d 822, 833 (1st Cir. 1982) .............. 14

Daniels v. Williams, 474 U.S. 327, 328 (1986) ........................................................ 13, 14

Dartmouth Review v. Dartmouth College, 889 F.2d 13, 19 (1st Cir. 1989).............. 18, 19

Day v. Union Mines, Inc., 862 F.2d 652, 655 (7th Cir. 1988)........................................... 2

Dick's Quarry, Inc. v. Town of Warwick, 293 A.D.2d 445 (N.Y. App.
Div. 2d Dep't 2002)........................................................................................................... 9

District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983) ........................ 5

Dittmer v. County of Suffolk, 146 F.3d 113, 118 (2d Cir. 1998) ...................................... 2

Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 88
(2d Cir. N.Y. 2002)............................................................................................................ 8

Dusanenko [312]  v. Maloney, 560 F. Supp. 822, 826 (S.D.N.Y. 1983),

affd 726 F.2d 82 ............................................................................................... 10

Ellis v. CAC Financial Corp., 6 Fed. Appx. 765, 769-70 (10th Cir. 2001) ........................ 6

Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) .................... 5

Fielder v. Credit Acceptance Corp., 188 F.3d 1031,1034 (8th Cir. 1999) ....................... 5

Filipowski v. Vill. of Greenwood Lake, No. 10-CV-1753, 2013 U.S. Dist.
LEXIS 93695 (S.D.N.Y. July 3, 2013) ........................................................................... 18

Gagliardi v. Village of Pawling, 18 F.3d 188, 192 (2d Cir. 1994) ................................... 16

GBA Contracting Corp. v. Fid. & Deposit Co., No. 00-CV-1333, 2001
U.S. Dist. LEXIS 32, at *3 (S.D.N.Y. Jan. 3, 2001) ........................................................ 4

Goldberg v. Town of Rocky Hill, 973 F.2d 70, 73 (2d Cir. 1992) ................................... 10

Golden v. Zwickler, 394 U.S. 103, 110 (U.S. 1969) ........................................................ 7

Goldfine v. Kelly, 80 F. Supp. 2d 153, 149 (S.D.N.Y. 2000) ........................................... 8

Green v. Mattingly, 585 F.3d 97, 101 (2d Cir. 2009) ....................................................... 7

Hampton Bays Connections, Inc. v. Duffy, 188 F.Supp. 2d 270, 277
(E.D.N.Y. 2002) ........................................................................................................ 14, 17

Harper v. Chase Manhattan Bank, 138 Fed. Appx. 130, 133-134
(11th Cir. 2000) .............................................................................................................. 6

Hoblock v. Albany Cnty. Bd. of Elections, 422 F.3d 77, 84 (2d Cir. 2005) ...................... 5

Imbler v. Pachtman, 424 U.S. 409, 418 (1976) ............................................................. 10

Korcz v. Elhage, 1 A.D.3d 903 (N.Y. App. Div. 4th Dep't 2003) ...................................... 9

Kropelnicki v. Siegel, 290 F.3d 118, 129 (2nd Cir. 2002) ............................................... 6

Laidlaw Energy and Envrmt'l, Inc. v. Town of Ellicottville, No. 08-CV-32-S,
2011 U.S. Dist. LEXIS 120133 (W.D.N.Y. Oct. 18, 2011) .............................................. 19

Lisa's Party City, Inc. v. Town of Henrietta, 185 F.3d 12, 17 (2d Cir. 1999) ........... 14, 17

Machat v. Sklar, No. 96 Civ. 3796, 1997 U.S. Dist. LEXIS 14803, *22
(S.D.N.Y. Sept. 29, 1997) ............................................................................................... 4

McKithen v. Brown, 626 F.3d 143, 154 (2d Cir. 2010) .................................................... 5

Murphy v. New Milford Zoning Comm'n, 402 F.3d 342, 348 (2d Cir. 2005) ..................... 8

Nemeth v. Vill. Of Hancock, No. 3:10-CV-1161, 2011 U.S. Dist. LEXIS 1563 .............. 18

Norwood v. Salvatore, 2014 U.S. Dist. LEXIS 6399, *25 (N.D.N.Y Jan. 17, 2014) ........ 18

Orange Lake Assocs. v. Kirkpatrick, 21 F.3d 1214 (2d Cir. 1994) ................................. 10

Orange v. County of Suffolk, 830 F. Supp. 701, 704 (E.D.N.Y. 1993) .......................... 10

Pagan v. Calderon, 448 F.3d 16, 32 (1st Cir. 2006) ................................................... 14

Penlyn Dev. Corp. v. Inc. Vil. of Lloyd Harbor, 51 F.Supp. 2d 255, 264
(E.D.N.Y. 1999) ................................................................................................. 18, 19

Reg'l Rail Reorganization Act Cases, 419 US 102, 138 (1974) ....................................... 8

Rivera v. Rhode Island, 402 F.3d 27, 34 (1st Cir. 2005) ............................................... 14

Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) .......................................................... 5

RRI Realty Corp. v. Incorporated Vil. of Southhampton, 870 F.2d 911,
918 (2d Cir. 1989) ............................................................................................... 15, 18

S&R Dev. Estates, LLC v. Bass, 588 F. Supp. 2d 452, 461-64 (S.D.N.Y. 2008) ............. 8

Tarantino v. City of Hornell, 615 F. Supp. 2d 102, 111 (W.D.N.Y. 2009) ....................... 17

Telesco v. Telesco Fuel & Masons' Materials, Inc., 765 F.2d 356, 362
(2d Cir. 1985) .......................................................................................................... 4

Tenney v. Brandhove, 341 U.S. 367, 376 (1951) .................................................... 10, 12

United States v. Moore, 543 F.3d 891, 896 (7th Cir. 2008) ......................................... 17

Viteritti v. Inc. Vill. Of Bayville, 918 F. Supp. 2d 126, 136 (E.D.N.Y. 2013) .............. 18, 19

Waterways Dev. Corp. v. Lavalle, 28 A.D.3d 539 (N.Y. App. Div. 2d Dep't 2006) ........... 8

Statutes & Other Authorities

28 U.S.C. § 1257 .......................................................................................................... 5

42 U.S.C. § 1983 ...................................................................................................... 10, 14

Fed. R. Civ. Proc. Rule 12 (b)(1) .............................................................................. 7, 20

Fed. R. Civ. Proc. Rule 12 (b)(6) ................................................................. 20

L.L. No. 3-2013 ............................................................... 3, 4, 6, 7, 10,

L.L. No. 2-2014 ........................................................ 2, 3, 4, 9, 15, 19

Town of Ballston, Town Code § 138-105 ..................................................... 15

Town of Ballston, Town Code § 138-106 ..................................................... 15

Town of Ballston, Town Code Art. 26 ........................................................... 16

Town of Ballston, Town Code § 138-107 ..................................................... 16

U.S. Const. Amen. XIV, §1 ................................................................. 13, 17

## PRELIMINARY STATEMENT

Defendants, Town of Ballston, New York, Town Board of the Town of Ballston, New York, and William Goslin, respectfully submit the following Memorandum of Law in support of defendants' motion for an Order pursuant to F.R.C.P. Rule 12(b)(1) and 12(b)(6) dismissing the plaintiff's Complaint with prejudice and on the merits for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted, along with such other and further relief as the Court may deem just and proper.

## STATEMENT OF FACTS

The plaintiff, Dolomite Products Company, Inc., filed a Complaint with the United States District Court for the Northern District of New York on July 27, 2015, seeking relief and/or damages for alleged violations of their constitutional rights, by the defendants, including substantive due process rights by the Town defendants, substantive due process rights by defendant Goslin, in his individual capacity, and equal protection rights by all defendants.   Plaintiff also makes an allegation of conspiracy against all defendants and seeks declaratory judgment. See Exhibit "1."

This action stems from defendants' enactment of two pieces of legislations, L.L. Nos. 3-2013 and 2-2014, which amended the Zoning regulations in the Town of Ballston.  For a complete recitation of the alleged facts, we respectfully direct the Court to Plaintiff's Complaint, attached to Murphy Affidavit at Exhibit "1."   Movant also references specific allegations to the Complaint within the motion papers insofar as they are germane to this Motion to Dismiss.

1

## ARGUMENT

## POINT I

**BASED ON THE <u>COLORADO RIVER</u> ABSTENTION DOCTRINE, THIS COURT SHOULD DECLINE TO EXERCISE JURISDICTION OVER THIS MATTER, AS A PARALLEL ARTICLE 78 AND DECLARATORY JUDGMENT ACTION IS PRESENTLY PENDING BEFORE A STATE COURT.**

In <u>Colorado River Water Conservation Dist. v. United States</u>, 424 U.S. 800, 817 (1976), the Court held that abstention would be proper on the basis of "principles ... which govern in situations involving the contemporaneous exercise of concurrent jurisdictions, either by federal courts or by state and federal courts." <u>Colorado River</u> abstention fosters "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." <u>Id.</u> The doctrine presents an "extraordinary and narrow exception" to "the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." <u>Id.</u> at 813, 817.

Pursuant to <u>Colorado River</u> abstention, a federal court should abstain from exercising concurrent jurisdiction with a state court where the proceedings are "parallel." <u>Dittmer v. County of Suffolk</u>, 146 F.3d 113, 118 (2d Cir. 1998) ("[A] finding that the concurrent proceedings are 'parallel' is a necessary prerequisite to abstention under <u>Colorado River</u>."). Two actions are considered to be parallel if "substantially the same parties are contemporaneously litigating substantially the same issue" in both forums. <u>Id.</u> (quoting <u>Day v. Union Mines, Inc.</u>, 862 F.2d 652, 655 (7th Cir. 1988).

Here, the plaintiff has already initiated a hybrid Article 78 and Declaratory Judgment action in State Court under Index No. 2014-2987, seeking the annulment of L.L. No. 2-2014, among other relief. (Murphy Aff., Exhibit "4"). This matter is presently pending before the New York State Supreme Court for the County of Saratoga.

2

In that action, the State Court issued a Temporary Restraining Order, enjoining defendant-respondents Town of Ballston and the Town Board from enforcing or applying L.L. No. 2-2014 to plaintiff-petitioner's application to construct its proposed asphalt plant in the Curtis Industrial Park in the Town of Ballston. (Murphy Aff., Exhibit "5"). In compliance with this Order, plaintiff's site plan application is once again before the Planning Board.  (Id.)  The Temporary Restraining Order is still in effect.  There have been no further decisions from the State Court in relation to the relief sought by the plaintiff-petitioner therein.

Plaintiff had previously sought the annulment of L.L. No. 3-2013, through a similar hybrid Article 78 and Declaratory Judgment action in the same State Court, under Index No. 2014-226.  (Murphy Aff., Exhibit "2").  L.L. No. 3-2013 is identical to L.L. No. 2-2014.  (Murphy Aff., Exhibit "1," ¶ 263).  The Court declared L.L. No. 3-2013 null and void for failing to comply with notice requirements under N.Y. Town Law § 264. (Murphy Aff., Exhibit "3").

The instant matter seeks a declaratory judgment declaring that development of Plaintiff's premises for its asphalt plant project shall be pursuant to the Zoning Code, Town Comprehensive Plan and other regulations regarding property development as they existed on the day that L.L. No. 3-2013 was enacted.  (Murphy Aff., Exhibit "1," ¶ 279).  Plaintiff ignores the site plan approval process that must occur before the Planning Board, prior to developing the premises.  Due to the Temporary Restraining Order in the parallel State Court action, the Planning Board is required to review Plaintiff's application "unabated and unaffected by LL. No. 2-2014."    (Murphy Aff., Exhibit "3").  Therefore, Plaintiff's site plan approval application is once again being

3

reviewed by the Planning Board.  As L.L. No. 3-2013 is "identical" to L.L. No. 2-2014, Plaintiff is essentially seeking relief that has already been granted by the State Court.

"Complete identity of parties and claims is not required; the parallel litigation requirement is satisfied when the main issue in the case is the subject of already pending litigation." GBA Contracting Corp. v. Fid. & Deposit Co., No. 00-CV-1333, 2001 U.S. Dist. LEXIS 32, at *3 (S.D.N.Y. Jan. 3, 2001). See also, Machat v. Sklar, No. 96 Civ. 3796, 1997 U.S. Dist. LEXIS 14803, *22 (S.D.N.Y. Sept. 29, 1997) ("What matters is that the claims concern the same events and involve sufficient overlap of subject matter."). "The claims and remedies need not be identical to support abstention." Id. If "the same cause of action, regardless of theory or pleadings, is asserted in both courts," the cases are likely to be parallel.  Telesco v. Telesco Fuel & Masons' Materials, Inc., 765 F.2d 356, 362 (2d Cir. 1985).

Even though Plaintiff has asserted constitutional claims pursuant to the Fourteenth Amendment in addition to seeking Declaratory Judgment in this matter, it is parallel to the State Court action seeking annulment of L.L. No. 2-2014, because both cases essentially arise out of the same event, the adoption of the changes to the Zoning regulations in the Town of Ballston.  As the State Court action is still pending, this Court should decline to exercise jurisdiction over this matter.

## POINT II

### THIS COURT LACKS SUBJECT MATTER JURISDICTION BECAUSE THE ROOKER-FELDMAN DOCTRINE BARS PLAINTIFF'S FIFTH CAUSE OF ACTION FOR DECLARATORY JUDGMENT.

In Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), the Supreme Court held that lower federal courts lack jurisdiction to review state court judgments. Under the Rooker-Feldman doctrine, federal district and circuit courts lack subject-matter jurisdiction in cases that are essentially "appeals from state-court judgments." Hoblock v. Albany Cnty. Bd. of Elections, 422 F.3d 77, 84 (2d Cir. 2005); see also, Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) (holding that Rooker-Feldman bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"); McKithen v. Brown, 626 F.3d 143, 154 (2d Cir. 2010) ("[T]he Rooker-Feldman doctrine deprives a federal court of jurisdiction to consider a plaintiff's claim" which applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review of those judgments." (citations and internal quotation marks omitted)). "Underlying the Rooker-Feldman doctrine is the principle, expressed by Congress in 28 U.S.C. § 1257, that within the federal judicial system, only the Supreme Court may review state-court decisions." Hoblock, 422 F.3d at 85.

It is well established that parties in a federal case cannot by artful pleading obtain a hearing of disguised state court appeals that would otherwise be subject to a Rooker-Feldman bar. See, Fielder v. Credit Acceptance Corp., 188 F.3d 1031,1034 (8th Cir.

1999); Courts have held that FDCPA claims are barred by Rooker-Feldman because they are inextricably intertwined with some aspect of the decisions in the state court. Kropelnicki v. Siegel, 290 F.3d 118, 129 (2nd Cir. 2002); Harper v. Chase Manhattan Bank, 138 Fed. Appx. 130, 133-134 (11th Cir. 2000); Ellis v. CAC Financial Corp., 6 Fed. Appx. 765, 769-70 (10th Cir. 2001); Bisbee v. McCarty, 3 Fed. Appx. 819, 824 (10th Cir. 2002).

To the extent that Plaintiff in the instant matter is seeking a declaratory judgment with respect to L.L. 3-2013, the Rooker-Feldman doctrine bars Plaintiff's action as a State Court has already rendered a final determination denying the relief sought. (Murphy Aff., Exhibit "3"). Plaintiff's fifth cause of action seeking a declaratory judgment in the underlying complaint is essentially seeking the same relief sought in the seventh cause of action in plaintiff's first hybrid Art. 78 and Declaratory Judgment Action, bearing Index No. 2014-226. (Murphy Aff., Exhibit "2," ¶¶ 145-154). Here, Plaintiff seeks a declaratory judgment "declaring that development of Plaintiff's premises for its asphalt plant project shall be pursuant to the Zoning Code, Town Comprehensive Plan and other regulations regarding property development as they existed on the day that L.L. No. 3-2013 was enacted." (Murphy Aff., Exhibit "1," ¶ 279). In the State Court action, Plaintiff sought "an exception from any future lawfully adopted zoning amendments." (Murphy Aff., Exhibit "2," ¶ 154).

In order for Rooker-Feldman to apply, a four-part test must be satisfied: "First, the federal-court plaintiff must have lost in state court. Second, the plaintiff must 'complain of injuries caused by a state-court judgment.' Third, the plaintiff must 'invite district court review and rejection of that judgment.' Fourth, the state-court judgment

must have been 'rendered before the district court proceedings commenced . . . .'" Green v. Mattingly, 585 F.3d 97, 101 (2d Cir. 2009) (alteration and citations omitted).

Here, each of the four factors of the test for the Rooker-Feldman doctrine, as stated Green v. Mattingly, have been established. As to the first factor, the State Court has already rendered a decision on this action and has declared L.L. No. 3-2013 null and void for failing to comply with the notice requirements pursuant to N.Y. Town Law § 264. (Murphy Aff., Exhibit "3"). The Court further held that "[a]ny relief not specifically granted is denied," i.e., plaintiff-petitioner's request for an exception from any future lawfully adopted zoning amendments has been denied.  (Id.). As to the second factor, Plaintiff did not seek appellate review of the State Court's decision.  Instead, Plaintiff now attempts to seek appellate review of the State Court's Decision to deny plaintiff's request to be exempt from application of any lawfully adopted zoning amendments that may be enacted in the future. As to the third factor, Plaintiff is seeking the same relief as in the State Court action, an exception to future zoning regulations.  (Id.). As to the fourth factor, the State Court decision was rendered about one year before Plaintiff filed the instant action in Federal Court.  (Murphy Aff., Exhibits "1" and "3").  Given the foregoing, this court lacks subject matter jurisdiction over Plaintiff's claims and these claims should be dismissed under Fed. R. Civ. Proc. Rule 12(b)(1).

## POINT III

### THIS COURT LACKS SUBJECT MATTER JURISDICTION AS PLAINTIFF'S CLAIMS ARE NOT RIPE FOR JUDICIAL REVIEW.

Constitutional questions must be presented in the context of a specific live grievance. See Golden v. Zwickler, 394 U.S. 103, 110 (U.S. 1969). The Court cannot rely upon concessions of parties and must determine whether issues are ripe for

7

decision in "case or controversy" sense.  Reg'l Rail Reorganization Act Cases, 419 US 102, 138 (1974).  The doctrine of ripeness is also rooted in prudential limitations on the exercise of judicial authority.  See, Id. ("[T]o the extent that questions of ripeness involve exercise of judicial restraint from unnecessary decision of constitutional issues, the Court must determine whether to exercise that restraint and cannot be bound by the wishes of the parties.").

Courts in the Second Circuit have long held that the ripeness requirement also applies to equal protection and due process claims asserted in the context of land use challenges.  Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. N.Y. 2002) (citations omitted).  A claim is not ripe if a governmental body has not yet rendered a "final determination as to the validity" of a proposed project.  Waterways Dev. Corp. v. Lavalle, 28 A.D.3d 539 (N.Y. App. Div. 2d Dep't 2006).  "In order to have a final decision, a 'development plan must be submitted, considered, and rejected by the governmental entity.'"  Goldfine v. Kelly, 80 F. Supp. 2d 153, 149 (S.D.N.Y. 2000) (internal citation omitted).

The Second Circuit has further held that even if a plan has been submitted and rejected, a claim is not ripe until the "property owner submit[s] at least one meaningful application for a variance."  Congregation Rabbinical Coll. Of Tartikov, Inc. v. Vill. Of Pomona, 915 F. Supp. 2d 574, 599 (S.D.N.Y. 2013) (quoting Murphy v. New Milford Zoning Comm'n, 402 F.3d 342, 348 (2d Cir. 2005); citing Bikur Cholim, Inc. v. Village of Suffern, 664 F. Supp. 2d 267, 275 (S.D.N.Y. 2009) ("In general, . . . failure to seek a variance prevents a zoning decision from becoming ripe."); S&R Dev. Estates, LLC v. Bass, 588 F. Supp. 2d 452, 461-64 (S.D.N.Y. 2008) (dismissing claims on ripeness grounds, where the plaintiff had not applied for a variance); Goldfine, 80 F. Supp. 2d at

159 (same); Korcz v. Elhage, 1 A.D.3d 903 (N.Y. App. Div. 4th Dep't 2003) (same); Dick's Quarry, Inc. v. Town of Warwick, 293 A.D.2d 445 (N.Y. App. Div. 2d Dep't 2002) (same)).

In Murphy, the Court held that the final decision rule: "(1) 'aids in the development of a full record'; (2) ensures that a court 'will . . . know precisely how a regulation will be applied to a particular parcel'; (3) recognizes the possibility that, by granting a variance, the administrative body 'might provide the relief the property owner seeks without requiring judicial entanglement in constitutional disputes'; and (4) 'evinces the judiciary's appreciation that land use disputes are uniquely matters of local concern more aptly suited for local resolution.'" Congregation Rabbinical Coll. Of Tartikov, Inc., 915 F. Supp. 2d at 599 (quoting Murphy, 402 F.3d at 348).

In the case at bar, Plaintiff is seeking damages to redress an injury that has not yet occurred. The State Court has not made a final determination with regard to the validity of L.L. 2-2014 in the hybrid Art. 78 and Declaratory Judgment action. Pursuant to the Temporary Restraining Order issued by the State Court, Plaintiff's site plan application is to proceed through the normal process before the Planning Board and will not be affected by L.L. No. 2-2014. (See Exhibit "3"). In compliance with this Order, plaintiff's site plan application is once again before the Planning Board. Plaintiff does not allege that the Planning Board is not acting pursuant to the Court Order, or that it has denied the site plan application. As the Planning Board has not made a final determination with regard to Plaintiff's application, Plaintiff has not yet suffered the damages alleged within its Complaint.

For the foregoing reasons, Plaintiff's constitutional claims are not ripe for review, and this Court lacks subject matter jurisdiction to adjudicate this case.

9

## POINT IV

## DEFENDANT GOSLIN IS ENTITLED TO LEGISLATIVE IMMUNITY FOR ACTS PERFORMED IN HIS OFFICIAL CAPACITY AS A COUNCILMAN FOR THE TOWN OF BALLSTON.

By enacting 42 U.S.C. § 1983, Congress did not intend to abrogate "immunities 'well-grounded in history and reason.'" Imbler v. Pachtman, 424 U.S. 409, 418 (1976) (quoting Tenney v. Brandhove, 341 U.S. 367, 376 (1951)). It is well settled that "absolute legislative immunity attaches to all actions taken 'in the sphere of legitimate legislative activity.'" Bogan v. Scott-Harris, 523 U.S. 44, 54 (1998) (quoting Tenney v. Brandhove, 341 U.S. 367 (1951)).

Courts in the Second Circuit have long recognized that "there is 'no material distinction between the need for insulating legislative decision making at the state or regional level, and a corresponding need at the municipal level'" (Goldberg v. Town of Rocky Hill, 973 F.2d 70, 73 (2d Cir. 1992), quoting Dusanenko v. Maloney, 560 F. Supp. 822, 826 (S.D.N.Y. 1983), affd 726 F.2d 82, (internal quotations omitted)). Local legislators are entitled to absolute legislative immunity for legislative acts done in their individual capacities. See Orange Lake Assocs. v. Kirkpatrick, 21 F.3d 1214 (2d Cir. 1994) (affirming the Southern District Court's holding entitling members of a town board to absolute legislative immunity in adopting rezoning amendments); Orange v. County of Suffolk, 830 F. Supp. 701, 704 (E.D.N.Y. 1993) (affirming the legislative immunity doctrine in a 42 USC § 1983 action against local legislators in their individual capacities for all acts done in a legislative capacity).

In the case at bar, plaintiff alleges that defendant Goslin acted outside of the scope of his authority, influencing the Planning Board to improperly and arbitrarily delay plaintiff's site plan application in order to permit the enactment of L.L. No. 3-2012, with

10

the sole intent of preventing plaintiff from vesting rights to its lawful project. See Exhibit "1" at ¶ 228. Plaintiff further alleges that Mr. Goslin's actions were politically motivated. Id. at ¶¶ 232, 235.

Even though the Court must accept plaintiff's allegations as true, plaintiff's claims against Mr. Goslin must fail because he is entitled to absolute legislative immunity in his actions as a councilman and member of the Town Board of the Town of Ballston.

Section 264(1) of the New York Town Law specifically grants the Town Board with authority to legislate "the manner in which such [zoning] regulations, restrictions and the boundaries of such districts including any amendments thereto shall be determined, established and enforced." As a member of the Town Board, Mr. Goslin acted within his legislative authority, granted by N.Y. Town Law § 264(1), in proposing and voting for the adoption of the zoning changes in L.L. Nos. 3-2013 and 2-2014.

Plaintiff's primary grievance against Mr. Goslin appears to be that his proposal of the changes to the Town's Zoning regulations is allegedly politically motivated. (Murphy Aff., Exhibit "1" at ¶¶ 87, 100-104). Despite, these allegations, the record is clear that the Town Board's intention in changing the Zoning regulations was to maintain the rural character of the Town of Ballston, not to interrupt one particular application. (Murphy Aff., Exhibit "6," ¶¶ 14-18).

The Second Circuit is clear that this Court should not even consider plaintiff's allegations that Mr. Goslin's conduct was politically motivated, in order to determine whether Mr. Goslin is entitled to absolute legislative immunity. The only relevant inquiry is whether or not Mr. Goslin's conduct was "even arguably within delegated legislative powers." Bernard v. County of Suffolk, 356 F.3d 495, 505 (2d Cir. N.Y. 2004). As long as the challenged conduct is even arguably within delegated legislative powers, even an

11

"unworthy purpose" cannot defeat absolute legislative immunity. Id. (citing Tenney v. Brandhove, 341 U.S. at 377 (recognizing absolute immunity in connection with state legislative committee hearings); id. at 379 (Black, J., concurring) ("the holding that the [legislators] cannot be sued in this case is not a holding that [they engaged in] legal conduct")).

In Bernard, the Court concluded that "regardless of defendants' political motives, absolute immunity shields them from suit pursuant to § 1983" for their performance of advocative functions.  Id.  See also, Chappell v. Robbins, 73 F.3d 918, 921 (9th Cir. 1996) (holding that a state senator's "efforts in sponsoring and pushing for passage of legislation concerning statewide insurance regulation fall squarely within the class of legislative acts," even though the senator had sponsored such legislation in return for bribes from the president of an insurance company). Similarly, Mr. Goslin's conduct in proposing the changes to the Zoning regulations, even if they were politically motivated or allegedly made in bad faith, entitles him to absolute legislative immunity from suit pursuant to § 1983.

Given the foregoing, plaintiff's second cause of action alleging violation of plaintiff's substantive due process rights, third cause of action alleging violation of plaintiff's equal protection rights, and fourth cause of action alleging conspiracy asserted against Mr. Goslin in his individual capacity, should be dismissed as Mr. Goslin is entitled to absolute immunity from suit pursuant to § 1983 for performing a legislative function.

12

## POINT V

## PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER THE SUBSTANTIVE DUE PROCESS CLAUSE AND EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT.

Rule 12(b)(6) of the Federal Rule of Civil Procedure permits a party to move the court to dismiss an action if it fails to state a claim upon which relief can be granted. To survive dismissal, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); accord Ashcroft v. Iqbal, 556 U.S. 662, 678–679 (2009).

In evaluating the sufficiency of a complaint, the court must engage in a two-step process. First, the court must begin by "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Second, the court must decide whether the remaining allegations in the complaint – taken as true – state a "plausible claim for relief." Id.

### 1. PLAINTIFF'S SUBSTANTIVE DUE PROCESS CLAIM

The Fourteenth Amendment prohibits a state from depriving a person of "life, liberty, or property, without due process of law." U.S. Const. Amen. XIV, §1. However, this guarantee "does not entail a body of constitutional law imposing liability whenever someone cloaked with state authority causes harm." See County of Sacramento v. Lewis, 523 U.S. 833, 848 (1998). "[L]iability for negligently inflicted harm is categorically beneath the threshold of constitutional due process." Id. at 849 (citing Daniels v. Williams, 474 U.S. 327, 328 [1986]). Rather, it is deliberate "conduct intended to injure in some way unjustifiable by any government interest [that] is the sort of official action

13

most likely to rise to the conscience-shocking level." Id. at 849 (citing Daniels v. Williams, 474 U.S. 327, 331 [1986]).  In substantive due process claims, "the plaintiff must show both that the acts were so egregious as to shock the conscience and that they deprived him of a protected interest in life, liberty, or property." Pagan v. Calderon, 448 F.3d 16, 32 (1st Cir. 2006) (citing Rivera v. Rhode Island, 402 F.3d 27, 34 [1st Cir. 2005]).

Moreover, the Courts have repeatedly held that that "the substantive due process doctrine may not ... be invoked to challenge discretionary permitting or licensing determinations of state or local decisionmakers, whether those decisions are right or wrong."  Id. at 33 (citing Collins v. Nuzzo, 244 F.3d 246, 251 (1st Cir. 2001), other citations omitted).  Absent "procedural irregularity, racial animus, or the like," a matter regarding state law, such as a planning dispute, does not rise to a constitutional violation even were "officials to clearly violate, much less "distort" the state scheme under which they operate." Creative Environments, Inc. v. Estabrook, 680 F.2d 822, 833 (1st Cir. 1982).

To state a substantive due process claim in the land-use context, the plaintiffs must show (1) that [they] had a valid property interest in a benefit that was entitled to constitutional protection and (2) that the defendants' actions were "so outrageously arbitrary as to be gross abuse of governmental authority." See also, Lisa's Party City, Inc. v. Town of Henrietta, 185 F.3d 12, 17 (2d Cir. 1999); Hampton Bays Connections, Inc. v. Duffy, 188 F.Supp. 2d 270, 277 (E.D.N.Y. 2002).

The New York Court of Appeals has averred that although "42 U.S.C. sec. 1983 protects against municipal actions that violate a property owner's rights to due process [and] equal protection . . . [sec. 1983] is not simply an additional vehicle for judicial

14

review of land use determinations." <u>Bower Assoc. v. Town of Pleasant Valley</u>, 2 N.Y.3d 617, 626 (2004).  The Court also held that the "denial of a permit - even an arbitrary denial redressable by an Article 78 or other state law proceeding - is not tantamount to a constitutional violation." <u>Id.</u> at 627.

Here, the plaintiff has already initiated a hybrid Article 78 and Declaratory Judgment action in State Court under Index No. 2014-2987, seeking the annulment of L.L. No. 2-2014, among other relief.  This matter is presently pending before the New York State Supreme Court for the County of Saratoga.

## A.     Plaintiff Does Not Have a Property Interest in Obtaining a Site Plan Approval.

The Second Circuit has held that a constitutionally protected property interest in land use exists "only if there is entitlement to the relief sought by the property owner." <u>Gagliardi v. Village of Pawling</u>, 18 F.3d 188, 192 (2d Cir. 1994) <u>citing</u> <u>RRI Realty Corp. v. Village of Southhampton</u>, 870 F.2d 911, 918 (2d Cir. 1989).  "Where a local regulator has discretion with regard" to the use at issue, "there normally is no entitlement to the benefit." <u>Id.</u>  "Even if in a particular case, objective observers would estimate that the probability of issuance was extremely high, the opportunity of the local agency to deny issuance suffices to defeat the existence of a federally protected property interest." <u>RRI Realty Corp.</u>, 870 F.2d at 918.  Thus, a constitutionally protected right is only found where "the discretion of the issuing party is so narrowly circumscribed that approval of a proper application is virtually assured." <u>Id</u>.

As a preliminary matter, it should be noted that the site plan application is submitted to the Planning Board for the Town of Ballston for review, and not to the Town Board. Town of Ballston, Town Code §§ 138-105, 138-106. (Murphy Aff., Exhibit

"8").  The Town Board is a separate entity that has no codified authority to grant or deny site plan approvals.  See generally, Town of Ballston, Town Code Art. 26.  (Murphy Aff., Exhibit "8").  Throughout the Complaint, Plaintiff frequently conflates the Town Board with the Planning Board, as though there are no distinctions between the duties and powers of the Planning Board and those of the Town Board.  (Murphy Aff., ¶¶ 22, 26, 87).  This is an attempt by the Plaintiff to connect the ongoing responsibilities and determinations of the Planning Board in relation to plaintiff's site plan application, to the actions of the Town Board in amending the Zoning regulations, in order to allege a violation of their constitutional rights by the defendants herein.

Consideration of the plaintiff's application for a site plan approval is a discretionary activity. Pursuant to § 138-107 of the Town Code for the Town of Ballston, the Planning Board "has the authority to approve the site plan, approve the site plan with modifications, or disapprove the site plan." (Murphy Aff., Exhibit "8"). This section does not limit the discretion of the Planning Board in granting or denying the application for a site plan approval.

Here, plaintiff alleges that the Defendant's actions surrounding L.L. Nos. 3-2013 and 2-2014 were aimed at unlawfully preventing Plaintiff's "right to construct its plant." (Murphy Aff., Exhibit "1", ¶ 220). This allegation presupposes that Plaintiff's application would have been approved by the Planning Board. This supposition is fallacious as the Planning Board has discretion to grant *or deny* the application for site plan approval, and approval is not guaranteed. See Town of Ballston, Town Code § 138-107. (Murphy Aff., Exhibit "8").    Therefore, plaintiff does not have a "federally protected property interest" in the site plan approval.

**B.** **The Acts of Defendants Town of Ballston, Town Board, and Goslin were not arbitrary and capricious.**

To establish a cause of action for violation of the plaintiffs' procedural due process, the plaintiff must show that the defendant's conduct was "so outrageously arbitrary as to be gross abuse of governmental authority." Lisa's Party City, Inc., 185 F.2d at 17; Hampton Bays Connections, Inc., 188 F.Supp. 2d at 277.

Here, the allegations in Plaintiff's Complaint are not supported by any citations to the Complaint and to the over 5,000 pages of self-selected exhibits attached that the defendants' actions were outrageous or a gross abuse of governmental authority. The record is clear that the Town Board's intention in changing the Zoning regulations was to maintain the rural character of the Town of Ballston, not to interrupt one particular application. (Murphy Aff., Exhibit "6," ¶¶ 14-18).

Given the foregoing, plaintiffs' first and second causes of action alleging a violation of their substantive due process rights should be dismissed for failing to state a claim upon which relief may be granted.

### 2. PLAINTIFF'S EQUAL PROTECTION CLAIM

The Fourteenth Amendment prohibits a state from denying "any person within its jurisdiction the equal protection of laws." U.S. Const. Amen. XIV, §1. Typically, individuals pursuing equal protection challenges must 'allege that they have been arbitrarily classified as members of an identifiable group.'" Tarantino v. City of Hornell, 615 F. Supp. 2d 102, 111 (W.D.N.Y. 2009) (quoting United States v. Moore, 543 F.3d 891, 896 [7th Cir. 2008]). However, a plaintiff can bring an equal-protection claim "if he can show that he had been 'irrationally singled out' for discriminatory treatment." Id. These claims are also known as 'selective enforcement' or 'class of one' claims. Id. To

17

prevent equal protection from becoming another general overseer of local land-use determinations, "the standards must be applied with [...] 'rigor'". Bower Associates, 2 N.Y.3d at 630 (citing RRI Realty Corp. v. Incorporated Vil. of Southhampton, 870 F.2d 911, 918 [2d Cir. 1989]).

To set forth an equal protection claim for selective enforcement, a plaintiff must "adequately plead a comparator . . . is similarly situated in all material respects." Norwood v. Salvatore, 2014 U.S. Dist. LEXIS 6399, *25 (N.D.N.Y Jan. 17, 2014). See also, Viteritti v. Inc. Vill. Of Bayville, 918 F. Supp. 2d 126, 136 (E.D.N.Y. 2013) (holding that "a 29-foot long, 4 1/2-foot high structure, comprised of boulders, a fence, and shrubs, which completely blocks any vehicular access to a street is not a condition that could be viewed by a reasonably prudent person as being roughly equivalent to broken pavement or large potholes"); Filipowski v. Vill. of Greenwood Lake, No. 10-CV-1753, 2013 U.S. Dist. LEXIS 93695 (S.D.N.Y. July 3, 2013) (dismissing plaintiffs' complaint for failing to allege facts sufficient to plausibly suggest sufficient similarity under either the "class of one" or selective enforcement standards because plaintiffs did not describe the nature of the structures built on the properties, the zoning of the respective properties, or any other details relevant to the claim such as lot size or slope); Nemeth v. Vill. Of Hancock, No. 3:10-CV-1161, 2011 U.S. Dist. LEXIS 1563 (rejecting plaintiffs' attempt to "equate enforcement of a fence ordinance or a setback rule with enforcement of the Zoning Code's non-conforming use expansion regulations").

"The test is whether a prudent person, looking objectively at the incidents, would think them roughly equivalent and the protagonists similarly situated." Dartmouth Review v. Dartmouth College, 889 F.2d 13, 19 (1st Cir. 1989). See also, Penlyn Dev.

18

Corp. v. Inc. Vil. of Lloyd Harbor, 51 F.Supp. 2d 255, 264 (E.D.N.Y. 1999).  Plaintiffs must "identify and relate specific instances where persons situated similarly 'in all relevant aspects' were treated differently, instances which have the capacity to demonstrate that [plaintiffs] were 'singled ... out for unlawful oppression.'" Dartmouth Review, 889 F.2d at 19 (1st Cir. 1989) (citations omitted).

Here, Plaintiff fails to make any allegations that a similarly situated business was treated differently, within the area affected by L.L. No. 2-2014.  Plaintiff alleges that "[d]efendants' disparate treatment of Dolomite is further evidenced by the Town's statements that manufacturing and industrial uses from other businesses, such as GlobalFoundries, would be welcome in the Town's Industrial District."  (Murphy Aff., Exhibit "1," ¶ 266).  However, plaintiff conveniently ignores the fact that the statements made by defendant Goslin was in reference to "lighter, high-tech industries," such as GlobalFoundries, and not in reference to another blacktop manufacturer. (Murphy Aff., Exhibit "7").   As in the plaintiff in Viteritti, Plaintiff is attempting to equate two patently dissimilar situations, where one business is a "heavy industry" manufacturer of blacktop, and the other a "light industry" manufacturer of semiconductors.   The reference to GlobalFoundries as an alleged comparator is made tenuous by the fact that GlobalFoundries is not located in the Town of Ballston and, thus, was not subject to the codes, procedures, or processes of the Town of Ballston.

Plaintiff does not and cannot allege that GlobalFoundries is even affected by the amendment to the Zoning regulations proposed in L.L. 2-2014.  See, Laidlaw Energy and Envrmt'l, Inc. v. Town of Ellicottville, No. 08-CV-32-S, 2011 U.S. Dist. LEXIS 120133 (W.D.N.Y. Oct. 18, 2011) (dismissing selective enforcement claim where

plaintiff had abandoned or vacated certain property and comparator did not, making zoning codes applicable to plaintiff different than those applicable to comparator). Therefore, Plaintiff's selective enforcement claim must necessarily fail and their equal protection claim dismissed for failure to state a claim pursuant to Fed. R. Civ. Proc. Rule 12 (b)(6).

## CONCLUSION

For the reasons set forth in this Memorandum of Law and the accompanying Attorney Affidavit of Michael J. Murphy, moving defendants respectfully request an Order pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure, granting moving defendants summary judgment, together with such other and further relief as the Court deems just and proper.

DATED:  September 18, 2015                     Respectfully submitted,

CARTER, CONBOY, CASE, BLACKMORE,
   MALONEY & LAIRD, P.C.

By:_____
      MICHAEL J. MURPHY
      Bar Roll No. 102244
Attorneys for Defendants, Town of Ballston,
New York, Town Board of the Town of
Ballston, New York, and William Goslin
Office & P.O. Address
20 Corporate Woods Boulevard
Albany, NY  12211-2362
Phone: (518) 465-3484
E-Mail: mmurphy@carterconboy.com

20