UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

───────────────────────────────────

DOLOMITE PRODUCTS COMPANY, INC.,

         Plaintiff,

  - against -

TOWN OF BALLSTON, NEW YORK; TOWN BOARD
of the TOWN Of BALLSTON, NEW YORK; and
WILLIAM GOSLIN, individually and in his capacity as
Town of Ballston Board member,

        Defendants.

───────────────────────────────────

Civil Case No. 15-CV-917
(GLS/CFH)

---

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT

---

COUCH WHITE, LLP
*Attorneys for Plaintiff*
540 Broadway
P.O. Box 22222
Albany, New York 12201-2222
Telephone (518) 426-4600

OF COUNSEL:
  Adam J. Schultz, Esq.
  Jennifer K. Harvey, Esq.

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ...................................................................................1

STATEMENT OF FACTS ........................................................................................2

ARGUMENT ...........................................................................................................3

POINT I.     DEFENDANTS HAVE FAILED TO DEMONSTRATE THAT THIS
             COURT SHOULD DECLINE JURISDICTION PURSUANT TO
             THE <u>COLORADO RIVER</u> *ABSTENTION* DOCTRINE ...........................3

POINT II.    THE <u>ROOKER-FELDMAN</u> DOCTRINE IS INAPPLICABLE TO
             DOLOMITE'S COMPLAINT ....................................................................8

POINT III.   A 42 U.S.C. § 1983 CLAIM IS RIPE AS DOLOMITE IS NOT
             APPEALING FROM AN ADVERSE DECISION ON A PERMIT
             APPLICATION ...................................................................................11

POINT IV.    THE CLAIMS AGAINST DEFENDANT GOSLIN ARE NOT
             BARRED BY LEGISLATIVE IMMUNITY ...........................................16

POINT V.     DOLOMITE HAS STATED A CLAIM PURSUANT TO THE
             SUBSTANTIVE DUE PROCESS CLAUSE AND THE EQUAL
             PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT .....21

     A.      DOLOMITE HAS STATED A CAUSE OF ACTION FOR
             SUBSTANTIVE DUE PROCESS ................................................22

             1.     DOLOMITE   HAS   DEMONSTRATED   THE
                    NECESSARY PROPERTY INTEREST ..........................22

             2.     DOLOMITE HAS ALLEGED ARBITRARY AND
                    CAPRICIOUS ACTIONS OF THE DEFENDANTS .......24

     B.      DOLOMITE HAS STATED A CAUSE OF ACTION FOR
             EQUAL PROTECTION ...............................................................25

CONCLUSION.......................................................................................................27

**TABLE OF AUTHORITIES**

**Page(s)**

CASES

*Albany Molecular Research, Inc. v. Schloemer*, 2010 U.S. Dist. LEXIS 132007
   (N.D.N.Y. 2010) ............................................................................................4, 5, 6

*Arkwright-Boston Mfrs. Mut. Ins. Co. v. New York*, 762 F.2d 205 (2d Cir. 1985).....................4, 7

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ....................................................................22, 23, 25, 27

*Bannum Inc. v. Louisville*, 958 F.2d 1354(6th Cir. 1992) ...........................................................16

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ............................................................22, 23

*Blanche Rd. Corp. v. Bensalem Twp.*, 57 F.3d 253 (3d Cir. 1995)....................................13, 14, 15

*Blue Sky Entertainment, Inc. v. Gardiner*, 711 F.Supp.678 (N.D.N.Y. 1989) ............................16

*Burnett v. Physician's Online, Inc.*, 99 F.3d 72 (2d Cir. 1996) ..............................................6, 7

*Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976) ......................3, 4, 5

*Cornell Cos. v. Borough of New Morgan*, 512 F.Supp.2d 238 (E.D. Pa. 2007).....................14, 15

*County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185 [1959]............................................3

*County Concrete Corp. v. Twp. of Roxbury*, 442 F.3d 159 (3d Cir. 2006)....................................13

*Cutting v. Muzzey*, 724 F.2d 259 (1st Cir. 1984) .................................................................19, 21

*Dittmer v. County of Suffolk*, 146 F.3d 113 (2d Cir. 1998)...........................................................4

*DLC Mgmt. Corp. v. Town of Hyde Park*, 163 F.3d 124 (2d Cir. 1998) ................................24, 25

*Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83 (2d Cir.
   1992) ......................................................................................................12, 13, 15, 16

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005) .....................................8, 9

*Favors v. Cuomo*, 2013 U.S. Dist. LEXIS 189355 (E.D.N.Y. 2013) ...............................17, 18, 21

*Forehand v. First Alabama Bank*, 727 F.2d 1033 (11th Cir. 1984) (finding that
   Sec. 1983 claimant's federal action would remain in federal court) .........................................7

*Gagliardi v. Village of Pawling*, 18 F.3d 188 (2d Cir. 1994) .....................................................23

*Glacial Aggregates LLC v. Town of Yorkshire*, 14 N.Y.3d 127 (2010) ........................................24

*Goldberg v. Town of Rocky Hill*, 973, F.2d 70, 73 (2d Cir. 1992) ................................................19

*Gov't of Virgin Islands v. Lee*, 775 F.2d 514 (3d Cir. 1985) ...................................................17, 20

*Gravel v. United States*, 408 U.S. 606 (1972) ................................................................18, 20, 21

*Green v. Mattingly*, 585 F.3d 97 (2d Cir. 2009) ...................................................................8, 9, 12

*Harlen Associates v. Incorporated Village of Mineola*, 273 F.3d 494 (2d Cir. 2001) ........................................................................................................................26

*Herrington v. County of Sonoma*, 834 F.2d 1488 (9th Cir. 1987) ................................................16

*Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77 (2d Cir. 2005) .....................9, 10, 11, 12

*Holland Transp. Inc. v. Twp. of Upper Chester*, 2002 U.S. Dist. LEXIS 23420 (E.D. Pa. Oct. 23, 2002) .........................................................................................14, 16

*Johnson v. City of Shelby*, 135 S.Ct. 346 (2014) ........................................................................23

*Kshel Realty Corp. v. City of New York*, 2003 U.S. Dist. LEXIS 8357 (S.D.N.Y. 2003) ..............................................................................................................................5, 6

*Lisa's Party City, Inc. v. Town of Henrietta*, 185 F.3d 12 [2d Cir. 1999] ..............................25, 26

*Marjac LLC v. Trenk*, 2006 U.S. Dist. Ct. LEXIS 91574 ...........................................................14

*Moccio v. New York State Office of Court Administration*, 95 F.3d 195 (2d Cir. 1996) ...........................................................................................................................9

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1 (1983) ............................6, 7

*Natale v. Town of Ridgefield*, 170 F.3d 258 (2d Cir. 1999) .........................................................25

*New York State Correctional Officers v. State of New York*, 911 F. Supp. 2d 111 (N.D.N.Y. 2012) ...................................................................................................17, 21

*Norwood v. Salvatore*, 2013 U.S. Dist. LEXIS 51324 (N.D.N.Y. 2013) ...............................26, 27

*Orange Lake Assoc. v. Kirkpatrick*, 21 F.3d 1214 (2d Cir. 1994) .........................................19, 21

*Radioactive J.V. v. Manson*, 153 F.Supp. 2d 462 (E.D.N.Y. 2001) .............................................4

*RRI Realty Corp. v. Village of Southhampton*, 870 F.2d 911 (2d Cir. 1989) ...............................23

*Ruston v. Town Bd. for Skaneateles*, 2009 U.S. Dist. LEXIS 90964 (N.D.N.Y. 2009) ...........................................................................................................................17, 21

*Sameric Corp. of Del., Inc. v. City of Philadelphia*, 142 F.3d 582 (3d Cir. 1998) .................14, 16

*Selevan v. New York. Thruway Authority*, 584 F.3d 82 (2d Cir. 2009) ..........................................22

*Simi Inv. Co. v. Harris County*, 13 F.Supp. 2d 603 (S.D. Tx. 1998) .............................................13

*Simi Inv. Co. v. Harris County*, 236 F.3d 240, 248-49 (5th Cir. 2000)…………………………13

*Steinberg v. Nationwide Mut. Ins. Co.*, 418 F. Supp. 2d 215 (E.D.N.Y. 2006) .............................4

*Summerchase Ltd. Pshp. I v. City of Gonzalez*, 970 F.Supp. 522 (M.D. La. 1997) ...............19, 21

*Town of Charlton v. Selective Ins. Co. of Am.*, 2010 U.S. Dist. LEXIS 9601
(N.D.N.Y. 2010) .......................................................................................................4, 5, 6

*Town of Orangetown v. Magee*, 88 N.Y.2d 41 (1996) ...............................................................24

*United States v. Brewster*, 408 U.S. 501 (1972) .........................................................17, 18, 20, 21

*Village of Willowbrook v. Olech*, 528 U.S. 562 (2000) .........................................................26, 27

*Williamson County Reg' Planning Comm'n v. Hamilton Ban*, 473 U.S. 172 (1985)..12, 13, 14, 17

**FEDERAL STATUTES**

42 U.S.C. § 1983 .........................................................................................5, 7, 11, 12, 13, 14, 15

**RULES**

Federal Rules of Civil Procedure 8(a)(2) ......................................................................................22

Federal Rules of Civil Procedure 12(b)(6) ...............................................................................21, 22

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted on behalf of Plaintiff, Dolomite Products Company, Inc. ("Dolomite"), in opposition to the Motion to Dismiss (ECF No. 10) ("Motion") filed on September 18, 2015 by the Defendants, the Town of Ballston (the "Town"), the Town Board of the Town of Ballston, and William Goslin, individually and in his capacity as Town of Ballston Board Member (collectively, "Defendants").

In the main, Defendants seek to dismiss a lawsuit that does not exist.  While the Motion telegraphs Defendants' intention to cause further injury to Dolomite by denying its Site Plan Application, Dolomite does not seek relief related to the Defendants' future actions.  Rather,  the Complaint dated July 24, 2015 (ECF No. 1) (the "Complaint"), and this Action, seek relief for constitutional injuries inflicted by each of the Defendants as part of their seemingly unending campaign to delay, hinder and maliciously deter Dolomite from exercising its constitutionally protected right; to rely upon the existing zoning, prior to the Defendants' enacting the doomed Local Law No. 3 of 2013 ("L.L. 3-2013") and its even more troubled successor, Local Law No. 2 of 2014 ("L.L. 2-2014").  For this reason, Defendants' arguments are uniformly inapposite, inapplicable without merit and do not entitle Defendants to dismissal of the Complaint.

At the outset, Defendants' failure to establish, or even consider, the six component factors required to be evaluated as part of the *Colorado River* abstention doctrine warrant denial of their motion as to that point, to say nothing of the fact that this Action and the state court action are not "parallel" or "concurrent."  Even if they were, the *Colorado River* factors weigh in favor of this Court's retaining jurisdiction.

Defendants' plea for this Court to dismiss the Complaint on the basis of the *Rooker-Feldman* doctrine similarly fails.  A plaintiff in federal district court "complains of injuries

caused by a state-court judgment" only when the judgment itself creates the injury, or where the federal court defendants act as directed by that judgment. Here, Defendants' actions prior to and during the review of L.L. 3-2013 and L.L. 2-2014 were wholly of their own volition.

Defendants' assertion that the Complaint is unripe fails as well. Defendants again assume that Dolomite is challenging a prospective denial by the Planning Board and assert that the standard "land use" ripeness test is applicable; it is not. Here, Dolomite's damages stemming from Defendants' constitutional violations have already accrued and will be unaffected, even were site plan approval granted. No further ripeness demonstration is needed.

Furthermore, Defendant Goslin is not entitled to dismissal on the basis of legislative immunity because the Complaint asserts substantial facts, which are completely uncontroverted by this motion, related to non-legislative and *ultra vires* acts, as well as acts directed towards an individual, and not establishing future policy.

Finally, given the governing standard that all of the allegations in the Complaint are accepted as true, and all favorable inferences are drawn in Dolomite's favor, there is no question that the Complaint sufficiently states a claim for substantive due process, on the basis of Dolomite's loss of its right to rely upon an existing zoning classification, and for equal protection, as it has sufficiently pleaded for purposes of a motion to dismiss, similarly situated comparators.

## **STATEMENT OF FACTS**

For purposes of brevity, the Court is respectfully referred to the Complaint, which is which is ECF No. 1 and its attachments, ##1-118, and the discussion below.

**ARGUMENT**

**POINT I**

**DEFENDANTS HAVE FAILED TO DEMONSTRATE THAT THIS COURT
SHOULD DECLINE JURISDICTION PURSUANT TO
THE <u>COLORADO RIVER</u> *ABSTENTION* DOCTRINE**

Defendants' conclusory Memorandum of Law not only fails to demonstrate that this Action and any state court action are "parallel," it utterly ignores the necessary balancing of six factors that must be considered before a District Court determines whether it should decline jurisdiction on this basis.  For these reasons, the Defendants do not and cannot meet their burden to demonstrate that abstention is appropriate; their motion to dismiss should be denied accordingly.

"Abstention from the exercise of federal jurisdiction is the exception, not the rule" which is "an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976) (citing *County of Allegheny v. Frank Mashuda Co.,* 360 U.S. 185, 188-189 [1959]).  The "general principle is to avoid duplicative litigation" without violating "the virtually unflagging obligation of the federal courts to exercise jurisdiction given them." *Id.* at 817.  The *Colorado River* abstention doctrine was intended to provide for situations outside of the previously established abstention doctrines, and it "rest[s] on considerations of '[wise] judicial administration, giving regard to conservation of judicial resources and a comprehensive disposition of litigation.'" *Id.*

A party asserting the doctrine bears the burden to demonstrate its applicability.  *See, Arkwright-Boston Mfrs. Mut. Ins. Co. v. New York*, 762 F.2d 205, 206 (2d Cir. 1985) (finding that movants in that case "sustained their burden of persuasion" to demonstrate "those

exceptional circumstances where" abstention should occur); *Radioactive J.V. v. Manson*, 153 F.Supp. 2d 462, 474 (E.D.N.Y. 2001) (stating that "in order to prevail on their motion…moving parties must shoulder a heavy burden…because 'only the clearest of justifications will warrant [a] dismissal'"); *See, Steinberg v. Nationwide Mut. Ins. Co.*, 418 F. Supp. 2d 215, 224 (E.D.N.Y. 2006).

To exercise the doctrine, the movant must first demonstrate that the proceedings are "parallel" or "concurrent." *Albany Molecular Research, Inc. v. Schloemer*, 2010 U.S. Dist. LEXIS 132007, at *23 (N.D.N.Y. 2010); *Town of Charlton v. Selective Ins. Co. of Am.*, 2010 U.S. Dist. LEXIS 9601, at *7 (N.D.N.Y. 2010) (stating that "before balancing the *Colorado Rivers* factors, the Court must find that a concurrent or parallel state action exists), citing *Dittmer v. County of Suffolk*, 146 F.3d 113, 118 (2d Cir. 1998).

To demonstrate a "parallel" proceeding, "the state and federal actions must involve more than 'some overlap of subject matter.'" *Albany Molecular Research, Inc.* at *23; *Town of Charlton* at *7. The cases have to be "essentially the same," and further, where "the issues in the two actions are not the same" and there are causes of action in the federal action that are not raised in the state action, the proceedings are not parallel. *Albany Molecular Research, Inc.* at *24. Indeed, even where a federal court litigant had previously commenced five state actions, the federal action was not parallel to any of, or the totality of, the state actions. *Kshel Realty Corp. v. City of New York*, 2003 U.S. Dist. LEXIS 8357, at *16 (S.D.N.Y. 2003); *see, also, Town of Charlton* at *7-8 (finding the issues were "similar, but not identical, as the federal action" because the federal action only includes portions of the issues raised in state court). Ultimately, however, even in a case like *Kshel Realty Corp.*, with substantial state litigation, no parallel litigation was found because "[w]hile there is some overlap in the issues raised in the federal and

state actions…the federal action asserts claims which are not raised in any of the state actions, including claims" for declaratory judgment, 42 U.S.C. § 1983 relief, and violations of the New York State Constitution. *Id.* at *16 (noting that defendants in the federal action were not defendants in the state action).

Defendants' Memorandum of Law fails to demonstrate that this Court should exercise the rare exception and abstain "from the exercise of federal jurisdiction." *Colo. River Water Conservation Dist.*, 424 U.S. at 813. Seemingly urging this Court to decline jurisdiction on the simple basis that Dolomite has commenced two actions in state court relating to L.L. 3-2013 and L.L. 2-2014, and that Dolomite must still obtain site plan approval, Defendants' cloudy logic jumps to the conclusion that Dolomite is "essentially seeking relief that has already been granted by the State Court." Defendants' Memorandum of Law (ECF No. 10, Att. #10), at 3-4. Setting aside the fact that the *Colorado River* doctrine examines ongoing litigation in state court, and not cases that have been decided, this showing does not demonstrate that Dolomite's state court action is "parallel" or "concurrent" to this action.

Here, like the Plaintiffs in *Albany Molecular Research, Inc.*, *Kshel Realty Corp.*, and *Town of Charlton*, the issues raised in this action are not "parallel" to the state court action. *Albany Molecular Research, Inc.* at *23-24; *Kshel Realty Corp.* at *16; *Town of Charlton* at *7-8. The majority of the causes of action in this action are not raised in state court, whether in Dolomite's current litigation regarding L.L. 2-2014, or its resolved litigation regarding L.L. 3-2013. These include four separate causes of action alleging constitutional harms, and related damages, asserted pursuant to 42 U.S.C. § 1983. *See,* Complaint at ¶¶207-276. Accordingly, this action and the state action are not parallel. *See, Kshel Realty Corp.* at *16 (finding that causes of action for 42 U.S.C. § 1983 relief not asserted in the state court action rendered the

federal case not "parallel" to the state court actions.)  Finally, Defendant Goslin, in his individual

capacity in particular, is not a party to the state court action.  *Kshel Realty Corp. at *16*.

Although the *Rooker-Feldman* doctrine is inapplicable outside of parallel proceedings,

were a "parallel" proceeding identified, the doctrine then calls for a consideration of six factors:

> (1) the assumption of jurisdiction by either court over any *res* or property,
> (2) the inconvenience of the federal forum,
> (3) the avoidance of piecemeal litigation,
> (4) the order in which jurisdiction was obtained,
> (5) whether state or federal law supplies the rule of decision, and
> (6) whether the state court proceeding will adequately protect the rights of the party
> seeking to invoke federal jurisdiction.

*Albany Molecular Research, Inc.*, 2010 U.S. Dist. LEXIS 132007 at *22-23 (*citing Burnett v.

Physician's Online, Inc.*, 99 F.3d 72, 76 (2d Cir. 1996)).  The factors must be weighed in a

"careful balancing of the important factors as they apply in a given case, with the balance heavily

weighted in favor of the exercise of jurisdiction.'"  *Moses H. Cone Mem'l Hosp. v. Mercury

Constr. Corp.*, 460 U.S. 1, 16 (1983).

Here, in addition to its failure to demonstrate that there are "parallel" actions, Defendants

utterly ignore their burden to engage in the necessary balancing of the *Colorado River* doctrine

factors, which renders their motion inadequate as a matter of law.  *See, Arkwright-Boston Mfrs.

Mut. Ins. Co.*, 762 F.2d at 206 (1985); *Burnett*, 99 F.3d at 76.  The Defendants' Motion contains

not one word regarding any of the six factors, primarily because that analysis demonstrates that

jurisdiction should be retained.

This is so because this action does not include any *res* or property.  The forum is not

inconvenient for Dolomite, and, by their silence, it is not objectionable to Defendants.  The

danger of "piecemeal litigation" is not present here, as the predominant relief requested in this

action is constitutional relief and damages for Defendants' actions, while in state court the legal

validity of L.L. 2-2014 is being tested.  *Cf. Arkwright-Boston Mfrs. Mut. Ins. Co.*, 762 F.2d at 211 (finding potential piecemeal litigation because the litigation involved "hundreds of claims and numerous parties," and there was a risk that there was a potential for the federal and state courts to engage in "a seemly and destructive race to see which form can resolve the same issues first").

The state action obtained jurisdiction first in this matter, however, this factor alone does not weigh in favor of abstention given the required balancing "heavily weighted in favor of the exercise" of federal jurisdiction. *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 16.  This is particularly so given that federal law applies to the rule of the decision in 42 U.S.C. § 1983 claims. *Forehand v. First Alabama Bank*, 727 F.2d 1033, 1036 (11th Cir. 1984) (finding that Sec. 1983 claimant's federal action would remain in federal court).  Finally, the state court proceeding will not protect the rights asserted by Dolomite in this action.  "Congress has determined that the opportunity to proceed in a federal forum is necessary to protect the rights of Sec. 1983 plaintiffs."  *Id.*  at 1035-36 (finding that the Eleventh Circuit "requires clear and exceptional justification for dismissing a Sec. 1983 claim on grounds of *Colorado River* abstention").  Further, the state court action centers around procedural and substantive defects related to L.L. 2-2014 <u>only</u>, and does not raise any of the 42 U.S.C. § 1983 claims included in this Complaint. *See,* Defendants' Attorney Affidavit, Ex. 1, 4, (ECF no. 10, Att. ##1, 2, 5).

For all of these reasons, it is exceedingly apparent that Defendants have not met their "heavy burden" to demonstrate that this Court should dismiss the Complaint on *Colorado River* grounds, and even had they attempted to satisfy the legal standard, the required factors would weigh heavily in favor of this Court's continuing jurisdiction over this Action.  Defendants' motion to dismiss on this basis should, accordingly, be denied.

## POINT II

## THE ROOKER-FELDMAN DOCTRINE IS INAPPLICABLE
## TO DOLOMITE'S COMPLAINT

Contrary to the Defendants' assertions, the *Rooker-Feldman* doctrine is narrowly applied, and where, as here, one or more of the factors are not met, it is inapplicable.

The *Rooker-Feldman* doctrine "exhibit[s] the limited circumstances in which" the Supreme Court's "appellate jurisdiction over state court judgments precludes a United States district court from exercising subject-matter jurisdiction in an action it would otherwise be empowered to adjudicate." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291-93 (2005) (noting federal jurisdiction is not lost "simply because a party attempts to litigate in federal court a matter previously litigated in state court," and finding that where an "independent claim," even one which "denies a legal conclusion that a state court has reached" does not necessarily trigger the doctrine); *Green v. Mattingly*, 585 F.3d 97, 101 (2d Cir. 2009) (finding that the *Rooker-Feldman* doctrine "is meant to occupy 'narrow ground…'").

The doctrine is "not triggered simply by the entry of judgment in state court." All four of the following factors must be satisfied: "First, the federal-court plaintiff must have lost in state court. Second, the plaintiff must 'complain of injuries caused by a state-court judgment.' Third, the plaintiff must 'invite district court review and rejection of that judgment,'" and fourth, "the state-court judgment must have been 'rendered before the district court proceedings commenced.'" *Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005) (discussing the principle's application and the four factors); *See, also Green*, 585 F.3d at 102 (holding that *Rooker-Feldman* does not bar jurisdiction because not all of the *Rooker-Feldman* requirements are met).

8

The first "substantive" *Rooker-Feldman* requirement is that Plaintiff complains of an injury from a state-court judgment. *Hoblock*, 422 F.3d at 85. The focus for this factor is whether the injury of which the plaintiff complains arises from the state-court judgment,[1] or from the actions of a third party:

> A federal suit complains of an injury from a state-court judgment, even if it appears to complain only of a third party's actions, when the third party's actions are <u>produced</u> by a state court judgment and not simply <u>ratified, acquiesced in, or left unpunished by</u> it. Where a state-court judgment causes the challenged third-party action, any challenge to that third party action is necessarily the kind of challenge to the state judgment that only the Supreme Court can hear.

*Id*. at 88 (emphasis added). The second "substantive" *Rooker-Feldman* requirement, that the Plaintiff seeks federal court review and rejection of the state-court judgment, is also encompassed in this principle: if the injury claimed in plaintiff's federal complaint results from a state-court judgment, "any challenge" to that injury constitutes the plaintiff's "invit[ing] district court review and rejection of that judgment." *Id.* at 85.

Here, Defendants' motion attempts to make this issue obtusely simple, assuming for their own purposes that Dolomite's hundreds of uncontroverted allegations relating to a pattern of years-long delay, hindrance, and gross misconduct by the Defendants simply boils down to issues related to L.L. 3-2013. (*See,* Defendants' Memorandum of Law at, ECF No. 10, Att #10, 6.) However, Dolomite does not seek, nor need a declaratory judgment with respect to L.L. 3-2013. Rather, its Complaint states that the <u>totality</u>, as outlined throughout the Complaint, of

---

[1] Defendants' Memorandum of Law recites a number of cases related to the "inextricably intertwined" theory, which previously was a basis to reject district court complaints based on the *Rooker-Feldman* doctrine. *See Id.*, ECF No. 10, Att. #10, at 6. However, had Defendants examined even their own cited cases, they would have observed that the Supreme Court in *Exxon Mobil Corp.* found that the "inextricably intertwined" standard, as set forth in *Moccio v. New York State Office of Court Administration*, 95 F.3d 195, 199-200 (2d Cir. 1996), "was incorrect." *See Hoblock*, 422 F.3d at 84-85. Accordingly, this concept, and the cases cited by Defendants, are no longer good law and do not impact the analysis here.

Defendants' actions "in willfully delaying, misleading, and hindering Dolomite's asphalt plant project" are the basis for Plaintiff's Fifth Cause of Action seeking a declaratory judgment. (Complaint, ECF No. 1, at ¶278.)

These actions include, but are not limited to, the enactment of L.L. 2-2014, in addition to L.L. 3-2013, Defendant Goslin's numerous public statements regarding his views on Dolomite's project, his multiple assurances that Dolomite's application would be approved notwithstanding Defendants' actions, the Town Board's efforts to convince the Planning Board not to process Dolomite's application, and other injuries.  *Id.*, ECF No. 1, at ¶277 (repeating and re-alleging the entirety of the Complaint, which outlines these actions).  Thus, the relief sought herein, monetary damages, is wholly different than the relief, invalidating a zoning ordinance, sought in the state court actions.

This error is even more apparent once the proper standard from *Hoblock* is applied.  The injuries asserted in the Complaint before this Court arise out of the Defendants' own actions, not actions Defendants were directed to take by the state court, as was found in *Hoblock*.  *Hoblock*, 422 F.3d at 88-89.  The injuries in this Complaint relate to Defendants' actions that occurred prior to the filing of the 3-2013 action, as well as actions that occurred during its review, and afterwards.  In fact, the Defendants both refused to withdraw the fatally defective L.L. 3-2013, and decided to draft and enact L.L. 2-2014 while the 3-2013 action was pending.  Therefore, those acts could not have been the result of the decision in the L.L. 3-2013 action.  *See, e.g.*, Complaint, ECF No. 1, at ¶¶151-157; Attorney Affidavit, Ex. 3, ECF No. 10, Att. #4, at 8 (reciting date of decision). *Hoblock*, 422 F.3d at 88-89 (finding that County acted in response to Court Order).

Further, the injuries complained of in this Complaint were not produced by the decision in the L.L. 3-2013 Action: Dolomite was the victor and as its preeminent relief, the nullification of L.L. 3-2013, was granted. *See,* Attorney Affidavit, Ex. 3 at 7.  The non-substantive denial of relief requested in the seventh cause of action in the L.L. 3-2013 action, was, in the words of the court, due to the academic nature of the other claims in light of the nullification of L.L. 3-2013. *Id*.

The state court's denial of the declaratory judgment sought in the L.L. 3-2013 action did not create the injuries Dolomite is placing in front of this Court, accordingly, Dolomite is not "appealing" any portion of its successful action to overturn L.L. 3-2013, but rather seeking monetary damages for the injuries it has suffered at the hands of the Defendants.  Defendants, as stated above, acted of their own volition prior to, and during, the state court's review of the L.L. 3-2013 action.  Therefore, the decision resulting from the L.L. 3-2013 action could do no more than ratify, acquiesce, or leave unpunished the behavior of the Defendants.  *Hoblock*, 422 F.3d at 88.  Accordingly, the Complaint in this action does not "complain of a state-court injury" within the accepted standard in the Second Circuit.  Thereby, the Complaint does not "invite district court review and rejection of" the decision issued in the L.L. 3-2013 action.  *Id.*; *Green*, 585 F.3d at 101.  As Defendants cannot demonstrate that all four *Rooker-Feldman* elements have been met, this doctrine is inapplicable and Defendants' motion to dismiss on this basis should, accordingly, be denied.  *Id.* at 102.

## **POINT III**

### **A 42 U.S.C. § 1983 CLAIM IS RIPE AS DOLOMITE IS NOT APPEALING FROM AN ADVERSE DECISION ON A PERMIT APPLICATION**

Exhaustion of administrative remedies is not required prior to commencement of a Sec. 1983 action.  *See, Williamson County Reg' Planning Comm'n v. Hamilton Ban*, 473 U.S. 172,

11

192 (1985) (setting forth the ripeness test applied in *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 1992), selectively relied upon by Defendants herein). Ripeness is determined by identifying when a party "has arrived at a definitive position on the issue that inflicts an actual, concrete injury." *Williamson* at 193.

Here, Defendants either deliberately misconstrue or fundamentally misunderstand the nature of the relief Dolomite seeks from this Court. Defendants attempt to characterize Dolomite's claims as a challenge to an anticipated future harm tied to a future governmental decision. To the contrary, the Complaint seeks damages for injuries that Dolomite has already incurred. Damages that will not and cannot, even if approvals were granted tomorrow, be ameliorated. (*See,* Defendants' Memorandum of Law, ECF No. 10, Att. #10, at 8-10).

Where 42 U.S.C. § 1983 relief is not challenging the enactment of a law, or a particular decision by a governmental actor, and "plaintiff[] [is] not appealing from an adverse decision on a permit decision," the ripeness requirements as set forth in *Williamson* and *Dougherty* need not be satisfied. *Blanche Rd. Corp. v. Bensalem Twp.*, 57 F.3d 253, 267 (3d Cir. 1995). Where a plaintiff asserts that

> Defendants, acting in their capacity as officers of the Township, deliberately and improperly interfered with the process by which the Township issued permits, in order to block or delay the issuance of plaintiff['s] permits, and that defendants did so for reasons unrelated to the merits of the application for the permit…this is a substantively different type of claim than that presented in the ripeness cases, and internal review of the individual permit decisions is thus unnecessary to render such a claim ripe.

*Id.* Where a plaintiff asserts, as in *Blanche Rd. Corp.*, that a Town "engaged in a campaign of harassment designed to force [plaintiff] to abandon its development," and that the Town "deliberately and improperly interfered with the process by which the Township issued permits, in order to block or to delay the issuance of plaintiff's permits, and that defendants did

12

so for reasons unrelated to the merits to the application" the claim is ripe. *County Concrete Corp. v. Twp. of Roxbury*, 442 F.3d 159, 166 (3d Cir. 2006) (finding that in such circumstances "no further appeals [are] necessary in order to have a ripe, final determination for a federal court to review," and finding plaintiff's claim ripe); *Simi Inv. Co. v. Harris County*, 13 F.Supp. 2d 603, 605 (S.D. Tx. 1998) (finding, where Sec. 1983 claims are alleged unrelated to a particular decision, claims are "ripe without exhaustion of state remedies") vacated in part on other grounds, 236 F.3d 240, 248-49 (5th Cir. 2000).

A Section 1983 claim asserting "intentional and improper delay," as opposed to challenging a "town's adverse decision," does not require a final decision be issued prior to seeking judicial relief. *Holland Transp. Inc. v. Twp. of Upper Chester*, 2002 U.S. Dist. LEXIS 23420 (E.D. Pa. Oct. 23, 2002) (discussing *Sameric Corp. of Del., Inc. v. City of Philadelphia*, 142 F.3d 582, 597 (3d Cir. 1998). This test can be proven if "a favorable decision by" the permitting authority would avoid a plaintiff's incurring its asserted damages: in such a case, finality pursuant to *Williamson* and *Dougherty* would be required. *Holland Transp., Inc.*, at *29-30. Therefore, where the damages remain the same even if a permit is ultimately granted, there is no need to address the finality standard and the claim is ripe.

Accordingly, a Section 1983 claim where plaintiff seeks relief because municipal defendants were "hampering Plaintiff's proposed development…acting under color of state law," is not subject to the *Williamson* finality rule: ripeness is satisfied on the basis of injuries already incurred. *Marjac LLC v. Trenk*, 2006 U.S. Dist. Ct. LEXIS 91574, , *16, *18-20. For similar reasons, the same rationale is applicable for equal protection claims asserted in a § 1983 action, *Cornell Cos. v. Borough of New Morgan*, 512 F.Supp.2d 238, 258 (E.D. Pa. 2007).

Here, Dolomite asserts precisely the same Section 1983 claim as that in *Blanche Rd. Corp.*: Dolomite seeks to "obtain redress for past and on-going pervasive and concerted government-sponsored disparate treatment and other civil rights violations by" the Defendants. (Complaint, ECF No. 1, at ¶1). Its causes of action do not challenge the enactment of either L.L. 3-2013 or 2-2014, nor the Town Planning Board's decision, in the future, to grant or to deny a site plan application, or any other decision made or to be made by the Defendants. (*See, generally, Id.*, ¶¶207-279).

Instead, Dolomite seeks compensatory damages pursuant to Section 1983, which authorizes "equitable relief and money damages against government officials acting under the color of government authority who subject individuals to 'deprivation[s] of any rights, privileges or immunities secured by the Constitution and laws.'" (Complaint, ECF No. 1, ¶209). The numerous allegations demonstrating this deprivation, just in Dolomite's first cause of action, are based on "Town Defendants' conduct," not a particular decision. (*Id.*, ¶¶212, 215) (asserting that the Defendants' "actions were taken with the intent of impacting Dolomite individually, by arbitrarily delaying and preventing its project); ¶216 (asserting that Defendants "willfully delay[ed], mis[led] and hinder[ed] Dolomite"); ¶225(asserting Dolomite's requested relief, i.e., "compensatory damages" for permitting costs and lost profits incurred to date as a result of Defendants' actions).

It is no different for Dolomite's second cause of action (substantive due process as against Defendant Goslin in his individual capacity), its third cause of action (equal protection) and its fourth cause of action (conspiracy arising out of the Fourteenth Amendment). (*See,* Complaint, ECF No. 1, ¶¶230, 234, 241, 245, and 247) (setting forth Defendant Goslin's conduct hindering and delaying Dolomite's application to date, entitling Dolomite to compensatory

damages); ¶¶250, 260, 265, 267, 271 (describing the malicious and bad faith disparate treatment by Defendants, entitling Dolomite to compensatory damages for the Defendants' acts to date); ¶¶273, 275, and 276 (asserting Defendants used their position in the community to irreparably harm, damage and injure Dolomite, entitling Dolomite to damages for these past acts).

Dolomite has clearly alleged injury based on the Defendants' actions in "improperly interfer[ing] with the process by which the Township issued permits, in order to block or delay the issuance of plaintiff['s] permits." *Blanche Rd. Corp.*, 57 F.3d at 267-68; *Cornell Cos.*, 512 F.Supp.2d at 258. Dolomite does not ask this Court to issue a permit or approval, nor to review a particular final decision made by the Defendants.[2] Dolomite seeks compensation for the

---

[2] Even were Dolomite subject to the general "land use standard" asserted in *Dougherty*, under the facts demonstrated in the Complaint, Dolomite has demonstrated compliance with the "finality" standard. A final decision "requires at least '(1) a rejected development plan, and (2) a denial of a variance.'" *Herrington v. County of Sonoma*, 834 F.2d 1488, 1494 (9th Cir. 1987) (*overruled on other grounds*). However, "a landowner may avoid the final decision requirement if attempts to comply with the requirement would be futile." *Id.* at 1495; *see, also, Bannum Inc. v. Louisville*, 958 F.2d 1354, 1363-64(6th Cir. 1992). To demonstrate futility, "at least one meaningful application" must be "made," even if such application was not complete, and even where the application was not "conclusively rejected" the standard is met. *Id.* Here, Dolomite has made at least one meaningful application by submitting its site plan application (notwithstanding that the site plan application approval is not being challenged in this action, nor is the Planning Board, or its members, included as defendants herein), which, like in *Herrington*, satisfies the final decision requirement. *Id.* at 1496 (finding that, under the facts asserted, "it is clear that" the Board's preliminary actions with respect to the Herrington's application "constituted a final decision," and that the County's repeated actions to thwart the Herrington's project constituted a "rejected development plan.") Dolomite has faced hindrance, delay, and animosity against its project at every turn. *See, e.g.*, Complaint, ECF No. 1 at ¶252. The Town has repeatedly made clear that they will take step after step to reject Dolomite's development plan. *Id.* And, like the Herringtons, the requirement to obtain a variance is futile here: Dolomite has requested relief before the Town Zoning Board of Appeals ("ZBA") regarding the project, during which process the ZBA made it clear that its decision was pre-determined, that Dolomite would not prevail (and ultimately did not prevail), and the ZBA also added a superfluous finding that L.L. 3-2013, which had been nullified over a month before, "terminated the Planning Board's jurisdiction to process Dolomite's application." Complaint, ECF No. 1, at ¶¶198-204. Clearly, Dolomite will get no favorable relief there, and any requirement to seek a variance should be found futile. *Herrington*, 834 F.2d at 1496; *see, also, Blue Sky Entertainment, Inc. v. Gardiner*, 711 F.Supp.678, 690 (N.D.N.Y. 1989) (finding that ripeness was demonstrated for § 1983 claim was

substantial damages for its costs incurred to date as a result of the Defendants' outrageous conduct. Even if Dolomite's site plan application were approved tomorrow, these damages would remain. *Cf. Holland Transp., Inc. v. Twp. of Upper Chichester, 2002 U.S. Dist. LEXIS 23420 (E.D. Pa. Oct. 23, 2002)* at \*29-30; *Sameric Corp. of Del., Inc.*, 142 F.3d at 597. Accordingly, in this Action, the "finality" rule, as set forth in *Williamson* and *Dougherty*, does not apply and Dolomite's claims are presently ripe.

## POINT IV

### THE CLAIMS AGAINST DEFENDANT GOSLIN ARE NOT BARRED BY LEGISLATIVE IMMUNITY

The doctrine of legislative immunity does not warrant dismissal of the Complaint as against Defendant Goslin in his individual capacity. Preliminarily, "the burden of establishing the applicability of legislative immunity, by a preponderance of the evidence, rests with "the party asserting it. *Gov't of Virgin Islands v. Lee*, 775 F.2d 514, 524 (3d Cir. 1985); *Favors v. Cuomo*, 2013 U.S. Dist. LEXIS 189355, at \*17 (E.D.N.Y. 2013). Further, should a complaint contain non-legislative activities, a Court "cannot grant any…individual defendants legislative immunity." *Ruston v. Town Bd. for Skaneateles*, 2009 U.S. Dist. LEXIS 90964, at \*11 (N.D.N.Y. 2009). "The doctrine of legislative immunity is not uniquely asserted in motions to dismiss," and will not result in a dismissal of the complaint where the complaint sufficiently pleads allegations demonstrating that the defendant was acting "outside of [his] capacity as a public official." *New York State Correctional Officers v. State of New York*, 911 F. Supp. 2d 111, 137 (N.D.N.Y. 2012).

---

ripe because Plaintiff "demonstrate[ed] to the court 'a realistic danger of sustaining a direct injury as a result of the statute's operation or enforcement" and Plaintiff "did not need to 'await the consummation of threatened injury to obtain preventative relief. If the injury is certainly impending that is enough.")

While there is an established legislative immunity founded in the United States Constitution, it is not without limitation.  "[O]nly those things 'generally done in a session of the House by one of its members in relation to the business before it,' or things 'said or done by him, as a representative, in the exercise of the functions of that office'" are included within the immunity.  *United States v. Brewster*, 408 U.S. 501, 512-513 (1972) (citations omitted).  Speech or debate while in legislative session are contemplated, however, any matters outside of the actual legislative process "must be an integral part of the deliberative and communicative processes by which Members participate in committee and House proceedings with respect to the consideration and passage or rejection of proposed legislation or with respect to other matters which the Constitution places within the jurisdiction" of Congress.  *Gravel v. United States*, 408 U.S. 606, 625 (1972) (holding no legislative immunity existed because publication of documents by a third party "was in no way essential to the deliberations of the Senate…").

However, there are many other activities that, while a part of a legislator's role, do not "have the protection afforded by the Speech or Debate Clause."  *Brewster*, 408 U.S. at 512. Activities outside of the sphere of legislative immunity "include a wide range of legitimate 'errands' performed for constituents, the making of appointments with Government agencies, assistance in securing Government contracts, preparing so-called 'news letters' to constituents, news releases, and speeches delivered outside the Congress."  *Id*.; *see, also, Gravel*, 408 U.S. at 625 (noting that legislative immunity does not "reach[] conduct, such as was involved in the attempt to influence the Department of Justice," as it is not "related to the due functioning of the legislative process."); *Favor*, 2013 U.S. Dist. LEXIS 189355 at *29-30 (listing activities that are "non-legislative" including "inquiries from members of the public or media and responses thereto, public remarks, statements crafted for public relations purposes, and public speeches

made outside the Legislature…and any other means of informing those outside the legislative forum").

Even actions purporting to be legislative are not in fact legislative if they have an "'impact on particular individuals rather than on a community' or 'the factors considered in adopting the legislation relate to specific individuals, instead of general policy considerations.'" *Orange Lake Assoc. v. Kirkpatrick*, 21 F.3d 1214, 1219-20 (2d Cir. 1994) (*citing Cutting v. Muzzey, 724 F.2d 259, 261* (1st Cir. 1984) (setting forth two tests that elaborate upon this which evaluate whether the decision is legislative, i.e., establishing policy or long term conduct, or administrative, impacting individuals).  The first asks if the underlying facts on which the decision is based are 'legislative facts,' such as generalizations concerning a policy or state of affairs,'" if so, the decision is legislative." *Cutting*, at 261.  However, if the facts "are more specific…relat[ing] to particular individuals or situations, then the decision is administrative." *Id*.  The second test considers "the 'particularity of the impact of the state of action," finding that actions that "establish[] a general policy" are legislative, while "actions [that] 'single[] out specifiable individuals and affect[s] them differently from others" are administrative.  *Id*.; *see, also, Summerchase Ltd. Pshp. I v. City of Gonzalez*, 970 F.Supp. 522, 538 (M.D. La. 1997) (finding no immunity for Town Board members who enacted a zoning ordinance and took other steps to prevent the development of Plaintiff's project, including "refusing to accept further building applications," were "not covered by absolute legislative immunity because" these actions "involve[] the enforcement of existing zoning laws and affects specific individuals").

As pointed out by Defendants, the rules regarding legislative immunity apply equally at any level of legislative government. (*See,* Defendants' Memorandum of Law, ECF No. 10) Att. #10, at 10 citing *Goldberg v. Town of Rocky Hill*, 973, F.2d 70, 73 (2d Cir. 1992).  Using these

standards, Defendant Goslin has utterly failed to demonstrate legislative immunity bars suit against him with respect to the second, third and fourth causes of action in the Complaint.

Defendants' motion contains no showing by Defendant Goslin that he is entitled to legislative immunity, in derogation of his burden to demonstrate, by a preponderance of the evidence, that immunity is applicable. *Gov't of Virgin Islands*, 775 F.2d at 524. Defendant Goslin did not even bother to provide an affidavit or other evidence, and the Attorney Affidavit contains no discussion of the basis for Defendant Goslin's assertion of legislative immunity. Defendants' motion relies on the circular, unsupported and conclusory premise that "plaintiff's claims against Mr. Goslin must fail because he is entitled to absolute legislative immunity in his actions as a councilman and member of the Town Board of the Town of Ballston."(Defendants' Memorandum of Law, ECF No. 10, Att. #10, at 11). Defendants also claim that "proposing and voting for the adoption of the zoning changes in L.L. Nos. 3-2013 and 2-2014" create a basis for legislative immunity. *Id*. These naked statements, lacking any evidentiary support regarding Mr. Goslin's actions, fail to factually demonstrate by a preponderance of evidence that Mr. Goslin is entitled to legislative immunity for Dolomite's second, third and fourth cause of action. Defendants' motion seeking dismissal of these causes of action should, accordingly, be denied.

Defendants' Motion to Dismiss should also be denied because the Complaint contains substantial allegations regarding Defendant Goslin's activities that are not "legislative" in nature. *Brewster,* 408 U.S. at 512; *Gravel*, 408 U.S. at 625. There are at least nineteen separate allegations contained in the Complaint that relate to activities that are outside of the sphere of legislative immunity. (*See*, Complaint, ECF No. 1, ¶¶92, 93, 94, 97, 98, 99, 100, 101, 102, 106, 112, 117, 119, 135, 136, 230, 236, 239, and 260). Defendant Goslin also authored several articles voicing his viewpoints regarding Dolomite's proposed blacktop plant, and his more

favorable views of other projects in the Town.  (*See*, Complaint, ECF No. 1, Att. ##22, 23, 25, 39, and 64, ¶¶92, 93, 94, 100, 101, 102, 117, 135, 136; Ex. J, K, L, N, T, AA).

Articles written for publication in local newspapers do not constitute "an integral part of the deliberative and communicative processes [for] the consideration and passage or rejection of proposed legislation," accordingly, Defendant Goslin is not entitled to legislative immunity (in his individual capacity or otherwise) for these actions.  *See*, *Gravel*, 408 U.S. at 625; *Brewster*, 408 U.S. at 512.  To the contrary, these actions fall within the scope of activities expressly found by the Supreme Court to be outside of the sphere of legislative activity, such as "preparing…'news letters' to constituents, news releases, and speeches delivered outside" of legislative meetings.  *Brewster*, 408 U.S. at 512.   And, given that this Action is at the motion to dismiss stage, the numerous allegations in the Complaint "deprive[] the defendant[] of Rule 12(b)(6) dismissal based upon an absolute immunity defense."  *New York State Corr. Officers & Police Benevolent Ass'n*, 911 F.Supp. at 136.  The Complaint cannot be dismissed against Mr. Goslin as a result.  *Ruston* at *11.

The same holds true for the allegations regarding Mr. Goslin's assurances to Dolomite that the zoning amendments contained in L.L. 3-2013 and L.L. 2-2014 would not apply to Dolomite's site plan application, and his reversal in this position.  (*See, e.g.*, Complaint, ECF No. 1, at ¶¶106, 108, 112, 117, 119).  First, his statements regarding the applicability of the zoning amendments are not "legislative" in nature; they fall more within the "public remarks" or "statements crafted for public relations purposes" category identified in *Favor*.  2013 U.S. Dist. LEXIS 189355 at *29-30.   Additionally, however, these allegations are statements targeted towards Dolomite, and its project, individually, and not made for purposes of general policy going forward in the Town.  *Orange Lake Assoc.*, 21 F.3d at 1219-20; *Cutting,* 724 F.2d at 261;

*Summerchase Ltd. Pshp. I*, 970 F.Supp. at 538.  As the Complaint contains numerous allegations

regarding Defendant Goslin's actions that do not constitute "legislative" activities, Defendant

Goslin is not entitled to dismissal of the second, third and fourth causes of action against him.

<u>**POINT V**</u>

**DOLOMITE HAS STATED A CLAIM PURSUANT TO THE SUBSTANTIVE DUE
PROCESS CLAUSE AND THE EQUAL PROTECTION CLAUSE OF THE
FOURTEENTH AMENDMENT**

It is beyond ambit that, in evaluating a motion to dismiss, the Court "must assume all

'well-pleaded factual allegations' to be true, and 'determine whether they plausibly give rise to

an entitlement to relief.'"  *Selevan v. New York. Thruway Authority*, 584 F.3d 82, 88 (2d Cir.

2009) (citations omitted); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (reciting rule that "[t]o

survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true,

to 'state a claim to relief that is plausible on its face.'"); *See*, *also*, Federal Rule of Civil

Procedure 8(a)(2).  The court will "construe plaintiffs' complaint liberally, accepting all factual

allegations in the complaint as true, and drawing all reasonable inferences in plaintiffs' favor."

*Selevan*, 584 F.3d at 88.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft*, 556 U.S. at 678.  A plaintiff need not allege "detailed factual allegations" in its

complaint to survive a motion to dismiss pursuant to F.R.C.P. 12(b)(6) provided that there is

enough detail to provide facts demonstrating the "'grounds' of his 'entitle[ment] to relief.'"  *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In the context of a 42 U.S.C. § 1983

claim, "a plaintiff that state[s] simply, concisely and directly events that, they alleged, entitled

them to damages" consistent with *Ashcroft* and *Twombly*, has met the burden to sufficiently

plead a cause of action plausible on its face.  *Johnson v. City of Shelby*, 135 S.Ct. 346, 347 (2014).

With respect to the subject motion to dismiss, the Complaint amply meets this requirement, and, as all of the factual allegations are accepted to be true, with all favorable inferences drawn, Dolomite has set forth plausible clauses of action defeating Defendants' motion to dismiss.

**A.  Dolomite Has Stated a Cause of Action for Substantive Due Process**

Given that Dolomite's Complaint contains two-hundred and seventy nine (279) separate allegations contained in fifty-three (53) pages of a Complaint, as well as the conceded more than five thousand pages of exhibits, any notion that the Complaint contains "threadbare recitals of" its causes of action is laughable.  (*See*, Complaint, ECF no. 1, Ex. 1, Att. ##1-118, Defendants' Memorandum of Law, ECF No. 10, Att. #10, at 13).  As explained below, the Complaint amply demonstrates that a substantive due process cause of action has been established and Defendants' claim to the contrary are inapposite, or without merit.

1.  Dolomite Has Demonstrated the Necessary Property Interest

Defendants here yet again mistake the thrust of the Complaint: namely, to seek relief for the damages it has incurred due to Defendants' actions involving and surrounding changing the zoning classification in the Curtis Industrial Park, instead focusing on their belief that Dolomite is seeking relief related to its site plan application.  (*See*, Defendants' Memorandum of Law at 15-16); *see, also, Gagliardi v. Village of Pawling*, 18 F.3d 188, 192 (2d Cir. 1994) (discussing property interest in municipal enforcement of zoning code against a third property); *RRI Realty Corp. v. Village of Southhampton*, 870 F.2d 911, 918 (2d Cir. 1989) (discussing property interest when plaintiff alleged it was entitled to approval of a "stage two permit").  Contrary to the

arguments contained in the Defendants' Memorandum of Law, Dolomite does not seek damages for injuries to its rights with respect to the site plan application; it is damaged because the Defendants have improperly used their office to injure Dolomite, and engaged in arbitrary and capricious behavior that shocks the conscious in so doing.

To establish a cause of action alleging a violation of Plaintiff's substantive due process rights, the complaint must allege that "a constitutionally cognizable property interest is at stake." *DLC Mgmt. Corp. v. Town of Hyde Park*, 163 F.3d 124, 130 (2d Cir. 1998). The property interest relates to the governmental benefit sought, which interest can include the right to an existing zoning classification. *Id.* Where a plaintiff demonstrates that its development is "vested," the property owner demonstrates a right to the existing zoning status. *Id.* Pursuant to New York law, a project may be deemed vested, and thereby may continue a non-conforming use benefitting from the prior zoning classification, if a party "ma[kes] substantial expenditures in reliance upon" a municipality's assurances that the zoning use is permissible. *See Glacial Aggregates LLC v. Town of Yorkshire*, 14 N.Y.3d 127, 136-37 (2010); *see, also, Town of Orangetown v. Magee*, 88 N.Y.2d 41, 47-48 (1996); *DLC Mgmt. Corp.*, 163 F.3d at 130-31 (reciting that "in instances in which construction has been improperly delayed by town officials in an attempt to prevent vesting, the right to an existing zoning status may also vest by equitable estoppel.")

Here, the Complaint includes detailed allegations demonstrating that Dolomite has a protected property interest, namely its right to maintain the existing zoning based on the assurances of the Defendants. *DLC Mgmt. Corp.*, 163 F.3d at 130. The Complaint describes in detail that Defendants made repeated assurances that Dolomite's proposed asphalt plant was a permitted use. (*See, e.g.,* Complaint, ECF No. 1, ¶¶15, 26 (specifically, (iii)(a)), 53, 58-63, 85,

23

102-104, 106, 110).   It also provides substantial facts demonstrating that Dolomite incurred significant expenditures towards development of its asphalt plant in reliance upon the Defendants' assurances.   (*See, e.g.,* Complaint, ECF No. 1, ¶¶ 121, 221, 222, 223).   The Complaint also alleges that Defendants' actions were "aimed solely at unlawfully…depriving Dolomite of its achievement of vested rights in its asphalt plant project."   (Complaint, ECF No. 1, at ¶¶217, 218).   Accordingly, accepting all of the allegations in the Complaint as true, as this Court must do, Dolomite has pleaded a plausible claim that it has a protected property interest in the existing zoning status, prior to the enactment of L.L. 3-2013, which permits manufacturing, and asphalt manufacture at the Curtis Industrial Park.   *See, Ashcroft*, 556 U.S. at 678; *DLC Mgmt. Corp.* at 130.

### 2.   Dolomite Has Alleged Arbitrary and Capricious Actions of the Defendants

Defendants somehow muster the boldness to claim that Dolomite's Complaint has not set forth any allegations demonstrating the required arbitrary conduct to demonstrate a substantive due process cause of action.   (Defendants' Memorandum of Law, ECF No. 10, Att. #10,, at 17) (citing *Lisa's Party City, Inc. v. Town of Henrietta*, 185 F.3d 12, 17 [2d Cir. 1999].) A Plaintiff must demonstrate "that the Town's action in depriving it of [its asserted property] interest was "so outrageously arbitrary as to be a gross abuse of governmental authority." *Lisa's Party City Inc.*, 185 F.3d at 17 *citing Natale v. Town of Ridgefield*, 170 F.3d 258, 263 (2d Cir. 1999).   This standard is satisfied when plaintiff's complaint demonstrates that the municipality "willfully, maliciously, selectively, wrongfully and intentionally" denied plaintiff the ability to exercise its constitutionally protected right.   *Norwood v. Salvatore*, 2013 U.S. Dist. LEXIS 51324 at *26 (N.D.N.Y. 2013).

While Defendants have apparently declined to engage in any review of the facts alleged in Dolomite's Complaint as compared to this legal standard, Dolomite has nonetheless alleged substantial abuses by the Defendants demonstrating that Defendants "willfully, maliciously, selectively, wrongfully and intentionally" violated Dolomite's rights.  (*See, e.g.,* Complaint, ECF No. 1, ¶¶ 10, 17, 18, 22, 26, 82, 92, 93, 147, 152, 157, 214, 215, 216, 220, 229, 230, 231, 234, 252, 264, 265).; *See, also, Norwood* at *26.   Further, Dolomite asserts the egregious animus displayed by the Defendants with respect to Dolomite's project.  (*See*, Complaint, ECF No. 1, ¶¶16, 26, 82, 102, 205, 206, 228, 239, 255, 260, 274).   Accordingly, Dolomite has sufficiently alleged actions of the Defendants that are "so outrageously arbitrary as to be a gross abuse of governmental authority."  *Lisa's Party City Inc.*, 185 F.3d at 17.  Defendants' Motion to Dismiss should be denied with respect to Dolomite's substantive due process claim accordingly.

**B.  Dolomite Has Stated a Cause of Action for Equal Protection**

Dolomite asserts an equal protection claim on the "class of one" grounds, and not selective enforcement, on the basis that it has been "subjected to invidious discrimination at the hands of government officials," and thereby is within a "class of one." *Harlen Associates v. Incorporated Village of Mineola*, 273 F.3d 494, 499 (2d Cir. 2001) *citing Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).  Specifically, the cause of action requires a showing that plaintiff was "treated differently from other similarly situated businesses and (2) that "such differential treatment was based on impermissible considerations such as …malicious or bad faith intent to injure a person." *Norwood*, 2013 U.S.Dist. LEXIS 51324 at *29-30.  For purposes of a motion to dismiss, "a court must determine whether, based on a plaintiff's allegations in the

complaint, it is plausible that a jury could ultimately determine that the comparators are similarly situated." *Id*. at *30.

Here, Defendants challenge only that Dolomite has not sufficiently pleaded a "comparator…similarly situated in all material respects." Defendants' Memorandum of Law, ECF No. 10, at 18. The Complaint sets forth a number of allegations regarding "similarly situated" individuals in support of its equal protection claim. (*See,* Complaint, ECF No. 1, at ¶¶ 133-138 [describing Defendants' actions in enacting zoning to specifically authorize a manufacturing use with a similar number of jobs]; 149-150 [describing Defendants' discriminatory actions in waiting to ban Dolomite's use until Global Foundries determined whether it would locate within the Town], 184-185 & 192-194 [discussing Dolomite being considered a "use", but all other businesses in the Curtis Industrial Park being considered "improvements" subject to far lesser requirements]; 248-271). *See, also, Village of Willowbrook v. Olech,* 528 U.S. 562, 564 (2000) (finding equal protection violation established when one property owner was required to create a 33-foot easement on her property to obtain public water, while only requiring 15-foot easements from other properties.) These allegations amply demonstrate that, accepting the allegations as true and affording them every favorable inference, it is plausible that a jury could find that the comparators are similarly situated. *Ashcroft*, 556 U.S. at 678; *Norwood* at *30.

## CONCLUSION

For all of these reasons, this Court should deny the Defendants' Motion to Dismiss in its

entirety.


Dated:          Albany, New York
                October 19, 2015

                                        COUCH WHITE, LLP



                                        /s/ *Adam J. Schultz*
                                        Adam J. Schultz, Esq.
                                           (Bar Roll Number 102974)
                                        Jennifer Kavney Harvey, Esq.
                                           (Bar Roll Number 516072)
                                        *Attorneys for Plaintiff*
                                        540 Broadway, P.O. Box 22222
                                        Albany, New York 12201-2222
                                        (518) 426-4600
                                        E-mail:  aschultz@couchwhite.com
                                        E-mail:  jharvey@couchwhite.com