UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DOLOMITE PRODUCTS COMPANY, INC.,

               Plaintiff,

      -against-

TOWN OF BALLSTON, NEW YORK; TOWN
BOARD OF THE TOWN OF BALLSTON, NEW
YORK; and WILLIAM GOSLIN, individually; and in
his capacity as Town of Ballston Board Member,

               Defendants.

**Civil Case No. 15-CV-917 GLS/CFH**

---

## REPLY MEMORANDUM OF LAW

---

CARTER, CONBOY, CASE, BLACKMORE,
MALONEY & LAIRD, P.C.
Attorneys for Defendants, Town of Ballston,
New York, Town Board of the Town of
Ballston, New York, and William Goslin
20 Corporate Woods Boulevard
Albany, NY 12211-2362
E-Mail: mmurphy@carterconboy.com

## TABLE OF CONTENTS

ARGUMENT
POINT I
THIS COURT LACKS SUBJECT MATTER JURISDICTION AS PLAINTIFF'S CLAIMS ARE NOT RIPE FOR JUDICIAL REVIEW ........................ 1

POINT II
PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER THE SUBSTANTIVE DUE PROCESS CLAUSE AND EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT ............................................... 2

1. Plaintiff's Substantive Due Process Claim ............................................ 2
2. Plaintiff's Equal Protection Claim ........................................................... 3

POINT III
THE FACTORS OF THE COLORADO RIVER ABSTENTION DOCTRINE WEIGH IN FAVOR OF THIS COURT DECLINING JURISDICTION OVER THIS MATTER ..................................................................................................... 6

POINT IV
ROOKER-FELDMAN DOCTRINE BARS EXERCISE OF JURISDICTION OVER PLAINTIFF'S FIFTH CAUSE OF ACTION FOR DECLARATORY JUDGMENT ......................................................................................................... 8

POINT V
ACTS BY A PRIVATE ACTOR CANNOT BE CONSIDERED BY THE COURT IN A SECTION 1983 ACTION ................................................................. 9

CONCLUSION ........................................................................................................ 10

i

## **TABLE OF AUTHORITIES**

*Cases*

Ashcroft v. Iqbal, 556 U.S. 662, 678–679 (2009)......................................................................3

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).........................................................3

Burnett v. Physician's Online, 99 F.3d 72, 73 (2d Cir. N.Y. 1996) .............................................6

Canaday v. Koch, 608 F. Supp. 1460, 1474 (S.D.N.Y. 1985) (citations omitted), dismissed without opinion, 755 F.2d 172 (5th Cir. 1985))......................................................7, 8

Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976).......6, 7, 8

Fielder v. Credit Accpetance Corp., 188 F.3d 1031, 1034 (8th Cir. 1999) .................................8

Goldfine v. Kelly, 80 F. Supp. 2d 153, 149 (S.D.N.Y. 2000) .....................................................2

Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 16 (1983) .........................6

Murphy v. New Milford Zoning Comm'n, 402 F.3d 342 (2d Cir. 2005)...................................1, 2,

Norwood v. Salvatore, 2013 U.S. Dist. LEXIS 51324, *29-30 (N.D.N.Y Apr. 10, 2013))............4

Richardson v. McKnight, 521 U.S. 399, 403 (1997)...................................................................9

Rooker-Feldman doctrine ......................................................................................................8, 9

Waterways Dev. Corp. v. Lavalle, 28 A.D.3d 539 (N.Y. App. Div. 2d Dep't 2006).....................2

Williamson County Reg' Planning Comm'n v. Hamilton Ban, 473 U.S. 172 (1985)...................1

*Other Authority*

42 U.S.C. § 1983............................................................................................................................9

## ARGUMENT

### POINT I

### THIS COURT LACKS SUBJECT MATTER JURISDICTION AS PLAINTIFF'S CLAIMS ARE NOT RIPE FOR JUDICIAL REVIEW.

All of the cases cited by plaintiff in support of their arguments regarding ripeness are from jurisdictions other than the Second Circuit.  (See Plaintiff's Memorandum of Law in Opposition, hereinafter "PMOL," at pp. 12-16).  Notably, plaintiff has failed to cite any Second Circuit or Supreme Court decisions, with one exception, in support of their arguments.  Therefore, precedent set forth by the Second Circuit in Murphy v. New Milford Zoning Comm'n, 402 F.3d 342 (2d Cir. 2005), is controlling.

Moreover, the quotation from the single Supreme Court case cited by plaintiff at p. 12 of Plaintiff's Memorandum of Law in Opposition, Williamson County Reg' Planning Comm'n v. Hamilton Ban, 473 U.S. 172 (1985), is taken out of context.  Plaintiff states that "ripeness is determined by identifying when a *party* 'has arrived at a definitive position on the issue that inflicts an actual, concrete injury.'" (PMOL at p. 12) (emphasis added). The complete text is as follows:

> [T]he finality requirement is concerned with whether the initial *decisionmaker* has arrived at a definitive position on the issue that inflicts an actual, concrete injury. . . . Id. at 193.  (Emphasis added).

Plaintiff has substituted the term "party" for "decisionmaker."  The finality requirement deals with the decision by the "decisionmaker," or the Planning Board in this instance, not the "party," as claimed by plaintiff.  Therefore, ripeness of the issues here is determined only when the Planning Board has arrived at a final determination on plaintiff's Site Plan Application, not when Dolomite decides arbitrarily that it has sustained a constitutional injury.  In land use context, the Supreme Court and the

1

Second Circuit has specifically left that determination to the decisionmaker, i.e. the municipal entity responsible for granting or denying the application for a proposed plan. See Id.; See also, Waterways Dev. Corp. v. Lavalle, 28 A.D.3d 539 (N.Y. App. Div. 2d Dep't 2006) and Goldfine v. Kelly, 80 F. Supp. 2d 153, 149 (S.D.N.Y. 2000).

Pursuant to Murphy, there should be a final decision, and at least one meaningful application for a variance, before plaintiff's alleged constitutional issues will become ripe for review. Murphy, 402 F.3d 348. There has not yet been a final decision on the Site Plan Application by the Planning Board. This Court should follow precedent established in Murphy and dismiss Plaintiff's Complaint in its entirety as plaintiff's constitutional claims are not ripe.

**POINT II**

**PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER THE SUBSTANTIVE DUE PROCESS CLAUSE AND EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT.**

1. PLAINTIFF'S SUBSTANTIVE DUE PROCESS CLAIM

Plaintiff's Memorandum of Law conflates the powers and responsibilities of the defendants in this action with those of the Planning Board of the Town of Ballston. Although plaintiff's Complaint travels through a maze of allegations, bristling at the opposition from the defendants regarding the proposed plant, it fails to make any allegation that defendants directed the Planning Board's decisions in regards to plaintiff's Site Plan Application approval process. By feigning constitutional injuries, plaintiff is attempting to circumvent the standard site plan approval procedure and unlawfully recoup their business expenses from the Town of Ballston. This attempt by a corporation to shift their business expenses on to the Town is what "shocks the conscience."

2

Plaintiff's allegations of vague constitutional injuries are an attempt to recoup their business expenses. As damages, plaintiff alleges that it incurred expenses in the amount of $845,000 "for the consultants, engineers, attorneys, surveyors and other professionals who appeared before the Planning Board and prepared the necessary studies and environmental review documents that the Town deemed necessary." (Murphy Aff., Exhibit "1," ¶ 121).  These studies and reviews were done as a part of plaintiff's Site Plan Application and review of same, not at the behest of the defendants herein, or as a response to defendants' enactment of L.L. Nos. 3-2013 or 2-2014. Plaintiff makes a half-hearted effort to tie these expenses to defendants by alleging that the abovementioned expenses were incurred as part of the approval process at the "requirement of the Town defendants." (Murphy Aff., Exhibit "1," ¶¶ 221-222).

Neither the 279 paragraphs contained in the Complaint, nor the 5000+ pages of exhibits attached thereto, sufficiently allege that the expenses incurred by plaintiff were a direct result of the acts by the defendants herein, namely enacting L.L. Nos. 3-2013 and 2-2014.  Therefore, plaintiff has not alleged sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); accord Ashcroft v. Iqbal, 556 U.S. 662, 678–679 (2009).  Vague, tenuous allegations are insufficient to survive a motion to dismiss, no matter the length of the Complaint. Id.

## 2. PLAINTIFF'S EQUAL PROTECTION CLAIM

Plaintiff states that it asserts an equal protection claim on the "class of one" grounds, and not selective enforcement. (See PMOL at p. 25).  To prevail on an equal protection claim based on this theory, a plaintiff must show "(1) that they were treated differently from other similarly situated businesses and (2) that 'such differential

3

treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person.'"   (Norwood v. Salvatore, 2013 U.S. Dist. LEXIS 51324, *29-30 (N.D.N.Y Apr. 10, 2013)).

Under this analysis, plaintiff has failed to make a sufficient allegation that they were treated differently from other similarly situated businesses.   Plaintiff cites to paragraphs 133 to 138 of the Complaint, stating that these paragraphs sufficiently sets forth allegations regarding "similarly situated" individuals in support of its equal protection claim. (See PMOL at p. 26).   These allegations relate to a micro-distillery, not another asphalt manufacturing plant.   The distillery is located in a different part of town, and not in the same zoning district as plaintiff's proposed plant.   (Murphy Aff., Exhibit "1," at ¶ 136).

Mr. Goslin recommended the zoning change to allow the micro-distillery to locate in the town because he believed that it would serve as a "tourist attraction and a potential for a reasonable-sized business in our town."   (Murphy Aff., Exhibit "1," at ¶137).   It is difficult to imagine that an asphalt plant would attract tourists to the town.   It is also difficult to reasonably view a microbrewery and an asphalt manufacturer as similarly situated.   The two businesses at issue are neither in the same industry, nor in the same zoning district.

Plaintiff makes vague references to other businesses in the CIP as similarly situated, namely P&M Construction (general contractors, construction & remodeling services), ST Services (home builders), Malone Refuse (demolition contractor), Dempsey's Auto (auto repair shop), Guster's Autobody (auto repair shop), Vintage Motorsports (auto repair shop), Northern Clearing (right of way clearing contractor) and

4

Precision Environmental Services (hydrogeological engineering and contracting services firm). (Murphy Aff., Exhibit "1," at ¶ 193; PMOL at p. 26). However, these companies do not manufacture building/construction materials, like the plaintiff herein, and cannot be deemed to be "similar situated." Therefore, plaintiff's Complaint does not identify a "similarly situated business" and so it does not sufficiently allege that they were treated differently from other similarly situated businesses.

Even if plaintiff was able to establish the first prong of the "class of one" test, they will not be able to establish the second prong of the test. Plaintiff claims that their differential treatment was based on "malicious or bad faith intent to injure" them. (See PMOL at p. 25). Despite plaintiff's lengthy Complaint, plaintiff has failed to allege, in other than "conclusory statements," that defendants' enactment of L.L. 4-2013 or L.L. 2-2014 were in bad faith with the intent to injure them.

According to the Environmental Assessment Form prepared by Barton & Loguidice, P.C. for plaintiff, the proposed plant would "result in major traffic problems" and have a "large impact on surrounding residential areas," such as air emissions. (See Exhibit "S" of Complaint, pp. 131-132). The record is clear that the Town Board's intention in changing the Zoning regulations was to maintain the rural character of the Town of Ballston, not to interrupt one particular application. (Murphy Aff., Exhibit "6," ¶¶ 14-18). Therefore, plaintiff's Complaint fails to sufficiently allege that their L.L. Nos. 3-2013 and 2-2014 were enacted with "malicious or bad faith intent to injure" them, rather than to maintain the rural character of the town by preserving it from traffic problems and air pollution.

5

## POINT III

## THE FACTORS OF THE COLORADO RIVER ABSTENTION DOCTRINE WEIGH IN FAVOR OF THIS COURT DECLINING JURISDICTION OVER THIS MATTER.

"[T]he decision whether to dismiss a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 16 (1983). "The factors include: (1) the assumption of jurisdiction by either court over any res or property, (2) the inconvenience of the federal forum, (3) the avoidance of piecemeal litigation, (4) the order in which jurisdiction was obtained, (5) whether state or federal law supplies the rule of decision, and (6) whether the state court proceeding will adequately protect the rights of the party seeking to invoke federal jurisdiction." Burnett v. Physician's Online, 99 F.3d 72, 73 (2d Cir. N.Y. 1996).

Taking each of the six factors into consideration, the balance weighs in favor of this Court declining jurisdiction over this matter. As plaintiff rightly states, this matter does not involve any res or property. (See PMOL at p. 6). Defendants also concede that this forum is not objectionable. However, the remaining four factors heavily weigh against exercise of jurisdiction.

First, for reasons set forth in Defendant's Memorandum of Law, this Court should decline jurisdiction in order to avoid piecemeal litigation. Plaintiff attempts to divorce its state court action from its federal court action on the basis that this action asserts constitutional claims, in addition to a cause of action for declaratory judgment. (See PMOL at p. 5). However, litigation of these alleged constitutional injuries may be avoided if the State Court renders its decision in favor of the plaintiff. See infra.

6

Second, plaintiff concedes that the State Court obtained jurisdiction first in this matter. (See PMOL at p. 7). The state Court action was initiated approximately one year prior to the instant action. (See Murphy Aff., Exhibit "4").

Third, although federal law supplies the rule of decision, "the presence of federal questions is not dispositive against a Colorado River stay." Canaday v. Koch, 608 F. Supp. 1460, 1474 (S.D.N.Y. 1985) (citations omitted), dismissed without opinion, 755 F.2d 172 (5th Cir. 1985)). The presence of a federal issue in the federal action is dispositive only when jurisdiction over the federal claims has been vested exclusively in the federal courts. Id. (citations omitted). "In an appropriate case, even the presence of a federal constitutional issue does not prevent Colorado River abstention." Id. (citations omitted). Where the "the primary battleground is . . . unsettled state law . . . [c]larification of that state law may well obviate the need for decision of a constitutional issue." Id.

Much like Canaday, this case involves a piece of "unsettled" local legislation that is being reviewed by the State Court. (See Defendant's Memorandum of Law at pp. 2-4). Once the Court determines the fate of this legislation, plaintiff's equal protection and substantive due process causes of action may either ripen for review, if the law is upheld, or become moot, if the law is stricken. Nevertheless, as the State Court has already granted a Temporary Restraining Order enjoining defendants from enforcing or applying L.L. No. 2-2014, plaintiff's site plan application is once again being reviewed by the Planning Board. Therefore, this factor weighs in favor of abstention.

Lastly, the state court action will adequately protect the rights of plaintiff in this action. "Whether plaintiffs were denied equal protection of the laws is a question that may be decided independently of any decision as to plaintiffs' rights under state law."

7

Canaday, 608 F. Supp. at 1467.  Moreover, the constitutional "harm" alleged by the plaintiff, in terms of expenses incurred in pursuing a Site Plan Application on the basis of existing zoning laws, will only accrue if the state Court upholds L.L. No. 2-2014.

Given the above, this Court should abstain from exercising jurisdiction over this matter as the six factors of the Colorado River doctrine balances in favor of abstention.

POINT IV

**ROOKER-FELDMAN DOCTRINE BARS EXERCISE OF JURISDICTION OVER PLAINTIFF'S FIFTH CAUSE OF ACTION FOR DECLARATORY JUDGMENT.**

Plaintiff has misapprehended the scope of defendants' application of the Rooker-Feldman doctrine. Defendants' application of this doctrine is limited to plaintiff's cause of action for declaratory judgment only.  As elaborated below, defendants' analysis of the Rooker-Feldman doctrine, as to plaintiff's cause of action for declaratory judgment, is accurate.  (See Defendant's Memorandum of Law at pp.5-7).

Plaintiff's seventh cause of action in their Article 78 petition expressly seeks "an exception from any future lawfully adopted zoning amendments." (Murphy Aff., Exhibit "2," at ¶ 154).  By comparison, plaintiff's fifth cause of action in the instant matter seeks a declaration that "development of Dolomite's premises for its asphalt plant project shall be pursuant to the Zoning Code, Town Comprehensive Plan and other regulations regarding property development as they existed on the day that L.L. No. 3-20 l 3 . . . was enacted."  Artful pleading cannot procure a hearing of disguised state court appeals that would otherwise be subject to a Rooker-Feldman bar.  See, Fielder v. Credit Acceptance Corp., 188 F.3d 1031, 1034 (8th Cir. 1999).  These two causes of action seek the same relief: declaration that Dolomite's proposed asphalt plant be exempted from any future zoning laws.

8

Defendant does not argue with plaintiff's statement that Dolomite's "preeminent relief, the nullification of the L.L. 3-2013, was granted." (See PMOL at p. 11). However, as plaintiff's seventh cause of action, seeking the same relief as the fifth cause of action herein, was expressly denied, plaintiff is deemed to have lost in state court.

Contrary to plaintiff's assertions, plaintiff does complain of injuries caused by a state court judgment. As plaintiff's seventh cause of action seeking an exception from future zoning amendments was denied, defendants were able to enact L.L. No. 2-2014, which halted plaintiff's site plan application for the development of the asphalt plant. Therefore, plaintiff's assertion that it is not complaining of injuries caused by the state court judgment is disingenuous.

The remaining factors are addressed fully in defendants' Memorandum of Law submitted previously. Defendants have established all four elements of the Rooker-Feldman doctrine. Therefore, Rooker-Feldman bars the exercise of jurisdiction over plaintiff's fifth cause of action.

## POINT V

## ACTS BY A PRIVATE ACTOR CANNOT BE CONSIDERED BY THE COURT IN A SECTION 1983 ACTION.

A section 1983 action "basically seeks 'to deter *state* actors from using the badge of their authority to deprive individuals of their federally guaranteed rights' and to provide related relief" to the aggrieved citizen. Richardson v. McKnight, 521 U.S. 399, 403 (1997) (citations omitted). Therefore, a section 1983 action may not be maintained by a party against a private citizen. Id.[1]

---

[1] But See, Wyatt v. Cole, 504 U.S. 158, 162 (1992) ("[P]rivate defendants invoking a state-created attachment statute act 'under color of state law' within the meaning of § 1983 if their actions are 'fairly attributable to the State.'").

9

Here, Mr. Goslin's actions prior to becoming a councilman, including his actions during his election campaign, were conducted in his capacity as a private citizen, not as a state actor. Therefore, a section 1983 action may not be maintained against Mr. Goslin on the basis of his speech against the Dolomite project prior to being elected as Councilman in 2012 (Murphy Aff., Exhibit "1," at ¶¶ 83, 87, 232-236).

Furthermore, allegations contained in the Complaint, regarding Mr. Goslin's speech during Town Board meetings in favor of changes to the Town's zoning regulations, fall within the ambit of legislative acts, entitling Mr. Goslin to legislative immunity (Murphy Aff., Exhibit "1," at ¶¶ 91, 97, 98, 99, 105, 119).

## CONCLUSION

For the reasons set forth in this Reply Memorandum of Law, moving defendants respectfully request an Order pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure, granting moving defendants summary judgment, together with such other and further relief as the Court deems just and proper.

DATED:  October 26, 2015                     Respectfully submitted,

                                             CARTER, CONBOY, CASE, BLACKMORE,
                                                  MALONEY & LAIRD, P.C.

                                             By
                                                  MICHAEL J. MURPHY
                                                  Bar Roll No. 102244
                                             Attorneys for Defendants, Town of Ballston,
                                             New York, Town Board of the Town of
                                             Ballston, New York, and William Goslin
                                             Office & P.O. Address
                                             20 Corporate Woods Boulevard
                                             Albany, NY  12211-2362
                                             Phone: (518) 465-3484
                                             E-Mail: mmurphy@carterconboy.com

10